BENJAMIN FLETCHER v. AMOS WARREN.

[IN CHANCERY.]

That a judgment at law may have worked injustice between the parties is not, of itself, enough to authorize a court of equity to relieve against it. Hence it is only upon collateral grounds, which were not directly passed upon by the court of law, that a court of equity can proceed in such cases. It is therefore usual to allege and show that the party seeking relief had a just defence, either legal, or equitable, of which, through the fraud, or wrongful act, of his opponent, he was unable to avail himself in time. Mere accident, or mistake, on his own part is rather to be accounted his misfortune, than imputed as a wrong to the other party.

If there be sufficient proof that the defendant, in a suit in chancery, has done some act, or pursued some course of conduct, which was designed to be, and in fact was, the inducement to the other party to delay the legal assertion of his claim, the court will deny to him the protection of the presumptive bar arising from the lapse of time.

APPEAL from the court of chancery. The material allegations in the orator's bill were, that on the 19th day of March, 1833, the orator and one Marcy, who was then a partner with the orator, exe-

cuted their promissory note to Darius Blake for $109,15; that, shortly after, the defendant purchased said note of Blake, and executed to Blake therefor his own note, of the same date and amount; that the orator afterwards paid to Blake the amount of said note executed by the defendant, and received the note from Blake; that about the 10th of May, 1833, the orator notified the defendant that he held said note, and informed him that he expected that the two notes would pay each other, and requested the defendant, then, or at some convenient time, to exchange said notes; that the defendant then said that the note which he held against the orator was at his house, and they could exchange the notes at some other time, and expressed no unwillingness to exchange the notes, if he had then had with him the note against the orator ; that the exchange was not then completed, and the matter was suffered to rest until the 12th day of March, 1839, when the defendant sued out a writ of attachment, upon the note which he held, against the orator as surviving partner,—the said Marcy having then deceased, —returnable to the then next term of Windsor County court, but did not cause any service of the writ to be made upon the orator until the 16th day of said May, when the statute of limitations would have run against the note, if the writ had not been previously issued, as above mentioned ; that by the terms of said notes they would both become barred by the statute upon the same day ; that the orator had since requested the defendant to allow the note, which the orator held against him, in payment of the note thus put in suit, and offered to pay the defendant's cost in said suit, if he would do so; but that the defendant had always refused to make such exchange, and had prosecuted his said suit to effect, and obtained judgment therein against the orator for the full amount of the note and interest and cost.

The orator prayed that the defendant might be decreed to discharge the said judgment, without receiving any payment thereon, except the note which the orator held against him, and for such other and farther relief in the premises as to equity might appertain.

The defendant insisted, in his answer, that the judgment of the court at law was conclusive against the orator in reference to the offset of the note against the judgment and the validity of the judgment, and also insisted upon the statute of limitations as a bar to

Fletcher *v.* Warren.

the orator's right to claim any thing by virtue of the note which he held against the defendant.    In reference to the conversation, which the orator alleged was had between the parties on the 10th of May, 1833, the defendant answered, that he believed the conversation was had in May, or June, 1834, and after the parties had had considerable difficulty ; that he could not recollect precisely what was then said between them and therefore admitted, that, being taken by surprise, he might, on that occasion, have made some evasive reply, such as that "the note was at his house," and that they could talk about exchanging some other time, or the like expressions, but he denied, that, without qualification, he could or did tell the orator that he either could, or would, exchange the notes at any future time.

The court of chancery dismissed the orator's bill; from which decision the orator appealed.

*T. Hutchinson,* for orator, in support of the equity of the bill, cited *Hart* v. *Ten Eyck et al.*, 2 Johns. Ch. R. 62 ; 1 Bac. Abr. 18 ; 1 Madd. 29, 32, 42, 64, 69, 209; *Pusey.* v. *Desbouvrie*, 3 P. Wms. 316; 1 Har. Ch. 32–34 ; 1 Chit. Eq. Dig. 682 ; Story's Eq. Pl. 372 ; *Leigh* v. *Holloway*, 8 Ves. 213 ; *Hamilton* v. *Cummings*, 1 Johns. Ch. R. 517 ; *Clark's Ex'rs* v. *Van Riemsdyk*, 3 U. S. Cond. Rep. 319 ; *Ins. Co.* v. *Hodgson*, 2 U. S. Cond. R. 518 ; *Ex'rs of Boyce* v. *Grundy*, 3 Pet. R. 210 ; *King* v. *Baldwin*, 17 Johns. 384 ; *Bell et al.* v. *Cunningham et al.*, 1 Sumner's Rep. 89 ; *Bank* v. *Lewis et al.*, 8 Pick. 117.

*E. Hutchinson,* for defendant, to the point that courts of equity are bound by statutes of limitation, as well as courts of law, cited 1 Chit. Pract. 77–68, *Cork* v. *Wilcock*, 5 Madd. R. 331, *Smith* v. *Bishop*, 9 Vt. 110,—and, to the point that the statute may be insisted upon in an answer, as well as by plea, cited Story's Eq. Pl. 588, § 760, Jeremy's Mitf. Eq. Pl. 334–6, note D, 1 Atk. 494, and *Dey* v. *Dunham*, 2 Johns. Ch. R. 191.

The opinion of the court was delivered by

Royce, J.    The bill sought, originally, to effect an application of the two notes in satisfaction of each other.    But the defendant

has collected the note held by him, so that the relief asked in reference to the state of facts now existing is, in effect, that the money collected by the defendant shall be refunded, and a perpetual injunction placed upon the judgment; or that he be decreed to pay to the orator the amount of the other note and the interest upon it. As an answer to relief in the former shape the defendant relies upon the judgment itself, as being the final adjudication of a court having jurisdiction of the subject matter and of the parties; and he relies upon the statute of limitations as an answer to relief in the latter shape.

That a judgment at law may have worked injustice between the parties is not, of itself, enough to authorise a court of equity to relieve against it. For suggestions of injustice can always be made; and if it were competent for equity to interfere upon such grounds alone, no determination at law would ever be final. It would moreover be a manifest repugnancy in any system of jurisprudence, that the decisions of one ultimate and final jurisdiction should be subject to the revision and correction of another. Hence it is only upon collateral grounds, which were not directly passed upon by the court of law, that a court of equity can proceed in such cases; and then it acts upon the conscience of the party in fault, and not upon the court of law. It is therefore usual to allege and show, that the party seeking relief had a just defence, either legal or equitable, of which, through the fraud or wrongful act of his opponent, he was unable to avail himself in time. Mere accident or mistake on his own part is rather to be accounted his misfortune, than imputed as a wrong to the other party; and it must be a strong case, when this alone can be made the ground of equitable interference at so late a stage. We think it clear, that no proper ground is disclosed, on which to decree a restitution of the fruits of the judgment.

In general the statute of limitations, where its terms are applicable to the subject matter in question, is equally a defence in equity, as at law. Nor will a court of equity deny the protection of the statute, except when to claim it would be evidently unjust and dishonest. And whenever a party is restrained from using this defence, or denied the benefit of it, the court proceeds upon grounds consistent with the general object and policy of the statute. It is

Fletcher *v.* Warren.

never assumed that the operation of the statute is, of itself, unjust, or that the party is dishonest in merely claiming its protection.   He must be fixed with some act, or course of conduct, which was designed to be, and in fact was, the inducement for the other party to delay the legal assertion of his claim, and thus to expose it to the statutory bar.   And I am disposed to consider, that a sufficient case of this character is stated in the present bill.   It is alleged, that shortly after the orator had purchased of Blake the note signed by the defendant, and upon the occasion of giving the defendant notice of that purchase, a mutual surrender or exchange of the notes was proposed by the orator, and that the defendant said, by way of reply, that the note held by him was not present, but at his house, and that they could make the exchange at another time.   Such declarations, upon such an occasion, would naturally import an assent to the proposition, and would justify the orator in relying upon a future exchange of the notes as being virtually agreed upon.   But the only evidence in support of the case, thus stated, is the slight admission of the defendant's answer.   He merely admits, that, upon hearing the orator's proposition to exchange the notes, he remarked that they could talk about it at another time.   This admission is accompanied with a positive denial of any agreement to make the exchange, and of any other and stronger expressions tending to encourage the expectation of it.   And when it is considered, that at that time the parties were in litigation with each other, and not on friendly or accomodating terms, this evidence comes far short of proving such an agreement or understanding on the subject, as would be requisite to entitle the orator to relief.

Decree of the chancellor affirmed.