DANIEL B. DENISON *v.* JOHN TRUE.

Whether forgetfulness of the day of court is such an accident, or mistake, as will entitle a party to sustain a petition to the county court to have a default set aside, under chap. 33, sec. 8, of the Revised Statutes, *Quære*.

One summoned as trustee, in a suit before a justice of the peace, cannot maintain a petition, under chap. 33, sec. 8, of the Revised Statutes, to vacate a judgment rendered against him.

PETITION to vacate the judgment of a justice of the peace, rendered upon default against the petitioner, who was summoned as trustee in the suit in which the judgment was rendered,—the petitioner alleging, that he was unjustly deprived of his day in court by fraud, accident and mistake.    The defendant, who was the plaintiff in the original suit, moved to dismiss the petition, upon the ground, that one summoned as trustee cannot sustain such petition, under the statute.

The county court, June Term, 1848,—HALL, J., presiding,— ordered the petition dismissed.    Exceptions by petitioner.

—————————, for petitioner, relied upon the Revised Statutes, chap. 33, sec. 8.

Denison *v.* True.

*G. C. Cahoon,* for defendant, cited *Huntington* v. *Bishop, Tr.,* 5 Vt. 186 ; *Earl* v. *Leland,* 14 Vt. 328 ; *Trombly et al.* v. *Clark,* 13 Vt. 118 ; and *Sanford* v. *Huxley,* 18 Vt. 170.

The opinion of the court was delivered by

BENNETT, J. It is stated, as the ground of this petition, that the trustee was prevented from appearing at the day of the justice court, in consequence of his having forgotten the day of the court. It might well be inquired, whether this is such a mistake, or accident, as to come within the spirit of the statute, upon which this proceeding is professedly grounded ; but we do not find it necessary to pass upon this question.

We do not think a trustee can in any case maintain a petition under the statute to vacate a judgment against him, and open the cause for trial in the county court. The language of the statute is, that when a judgment shall be rendered by a justice of the peace by default, and the *defendant* shall have been unjustly deprived of his day in court by *fraud, accident,* or *mistake,* or when a *party,* from like cause, has been prevented from entering his appeal, the county court may sustain a petition, &c.

This court have held, that a trustee was not so far a party to the suit, as, under the general law, to be entitled to a review. Neither could he appeal the cause from a justice of the peace to the county court ; and after the statute was passed, which authorized a trustee to appeal the cause, still it was held, that he could not, under the general law, tender a confession of judgment. We think, the legislature, when they passed what has sometimes been denominated the *fraud, accident,* or *mistake* law, did not contemplate a case like this. When they used the word " *defendant,*" they intended the party defendant in the action itself, and not one brought into court incidentally, in whose hands goods, chattels, &c., have been attached, as being the property of the principal defendant.

There may be some reason, why the *fraud, accident,* or *mistake* law should be extended to a trustee ; but we think it was not so designed. If the legislature should think proper, they can so extend the law. It is their business to do it, rather than ours.

The judgment of the county court is affirmed.