## JOHN WARNER *v.* DAVID CONANT.

### [IN CHANCERY.]

Chancery will not relieve against a judgment rendered against one as trustee, on the ground that such trustee, through forgetfulness, failed to attend the court rendering such judgment, and make his disclosure, even though it appear that such trustee would have been discharged upon making such disclosure; when no fraud is imputable to the party obtaining such judgment.

*Query.* Had there been fraud in the transaction, would equity relieve, while the party could have relief by *Audita Querela,* unless brought as a bill of discovery.

APPEAL FROM CHANCERY. The orator set forth in his bill, that the defendant sued out his writ of attachment against Henry Rice as principal defendant, and summoned the orator as the trustee of said Rice, which was made returnable before a justice of the peace, on the second Tuesday in April, A. D. 1848, and was duly served upon the said Rice and the orator; that on the return day of said writ, the orator, through forgetfulness, neglected to attend and make his disclosure, and that judgment was rendered against him by default, as trustee of said Rice, for $72,63 damages and costs.

That about three hours after said judgment was rendered the orator's agent, on being told that said judgment had been rendered, applied to the defendant's attorney, and requested him to have said default struck off, and offered to pay all costs and trouble, if he would do so, but he declined. Also, alledging that the defendant had taken out an execution on said judgment, and collected the amount thereof of the orator, and that he was not the trustee of said Rice.

The prayer of the bill was, that the defendant should be decreed to refund the amount collected on said execution, and for general relief.

To this bill the defendant made answer, and the orator filed a replication, and testimony was taken and the cause was heard by COLLAMER, chancellor, who dismissed the orator's bill, and an appeal was taken therefrom.

*H. E. Stoughton* for the orator.

It has been decided, *Denison* v. *True,* 22 Vt. 42, that a trus-

tee has no remedy by petition under the "fraud, accident and mistake act;" the orator cannot, therefore, have relief in that way.

It has been repeatedly decided, that a trustee is not a party to the suit. *Huntington* v. *Tr. of Spooner*, 3 Vt. 515. And 5 Vt. 186. *Baxter* v. *Vincent*, 6 Vt. 614. *Earl* v. *Leland*, 14 Vt. 328.

It is well settled that the adjudication of a court, as to the funds in a trustees hands, is not a judgment. Comp. Stat. 259, § 27 to 35 inclusive. The determination is not a judgment, but a mere inquest. *Aldis* v. *Hull*, 1 Dan.Chip. 309. *Emerson et al.* v. *Paine*, 9 Vt. 271.

It turns out that the orator had no funds in his hands, and that the defendant has satisfied his judgment against his debtor, out of the orator's property, and a decree that he refund it would leave the judgment in full force against Rice.

Suppose the adjudication of the justice is to be treated as a judgment, still the orator is entitled to relief. *Cram* v. *Hawks*, 1 Root 468. *Woolcot* v. *Day*, 2 Root 62. *Draffoucid* v. *Donald*, 2 H. & M. 10. *Countess of S.* v. *Gifford*, 2 P. Williams 424. *Emerson* v. *Udall*, 13 Vt. 477.

*L. Adams* for defendant.

The authorities are numerous and decisive against the present application. *Essex Co.* v. *Berry*, 2 Vt. 161. *Fletcher* v. *Warren*, 18 Vt. 45. *Barnet* v. *Pas. Turnpike Co.* 15 Vt. 757. *Dennison* v. *True*, 22 Vt. 42. *Ins. Co.* v. *Hodgden*, 2 U. S. Con. R. Kinne's Law Com. April, 1849, 107.

The opinion of the court was delivered by

· Isham, J. The general object of this bill is to obtain a decree for the re-payment of money collected by the defendant of the orator, on an execution issued on judgment against him, as trustee of one Rice.

From the evidence which has been read in the case, we think it more than probable, that if there had been a hearing on a disclosure, the person summoned as trustee would have been entitled to a discharge, as not having effects in his hands ; yet the conviction would be more full and perfect, if a disclosure had been made. The last settlement between Warner and Rice was made Februa-

ry 14, 1848, but it was then understood not to be a settlement of all matters between them. Rice having soon after left the country, Warner carried on to his books a full statement of the account and credit, leaving a small balance due to Rice. How much that might have been increased, if at all, had Rice remained and settled the account, is of course a matter of conjecture.

The orator seeks relief on the ground that the judgment against him as trustee, was obtained by "*fraud, accident or mistake.*"

In the case of *Denison* v. *True,* 22 Vt. Rep. 42, it was held by this court, that a trustee could not maintain a petition under the statute, to the county court, to have a judgment against him vacated on the ground that it was obtained by " fraud, accident or mistake," as he could not be considered a party to the suit; and for this reason, the orator now seeks relief under the general powers of a court of chancery. From the testimony in the case, it is very evident that the defendant is entirely free from any imputation of fraud or impropriety of conduct, in obtaining the judgment complained of. He commenced his suit in due form, and in the observance of all legal requirements on his part, prosecuted the same to judgment, execution and satisfaction.

The orator has, however, been deprived of a hearing in the case, which doubtless he intended and desired to have. But it is equally evident, that this difficulty has arisen from his own neglect, or the pure forgetfulness of his agent, to whom this business was intrusted.

We do not feel at liberty to interfere in this case, with the proceedings at law, upon the suggestion that the orator had not personal notice of the suit before judgment. He has not himself denied it under oath by swearing to his bill, and his agent Nicholson, says he might have mentioned the fact to him, but thinks not. The process, however, was returned, with a legal return thereon, that personal service was made. This justified the defendant in proceeding to his judgment, and as between the parties, we must regard that fact as found in equity as well as at law. The case then presents the single inquiry, will a court of chancery vacate a judgment at law, or order the money collected thereon to be refunded, on the ground that the party or his agent neglected to attend the court, and suffered judgment to pass by default, through their forgetfulness of the suit, or the day and time of holding the

court, and whether such a circumstance is an *accident or mistake* from which a court of equity will relieve. The cases on this subject, which have been decided in this State, must be considered as conclusive in this.

In *Essex* v. *Berry*, 2 Vt. Rep. 161, where a judgment was obtained by default, in consequence of a letter sent by mail to their attorney not having been received in season, it was held, that that circumstance was not such an *accident* as would warrant a court of equity to interfere, as common prudence would have guarded against that event, by sending an agent. Equally so in this case. If the orator or his clerk had seasonably employed an agent or attorney, as he testifies he designed to do, there would have been the exercise of better and greater prudence ; and in that case, the court adopt the language of Lord Redesdale in *Bateman* v. *Willoe*, 1 Sch. & Lef.—" That a bill for a new trial is watched with extreme jealousy ;" and also the language of GROSE, J., in *Marriot* v. *Hampton*, 7 Tenn. Rep. 269. " That it would tend to en-" courage the greatest negligence, if the door were to be opened " to parties, to try their causes again, because they were not prop-" erly prepared at first ;" so in the case of *Fletcher* v. *Warren*, 18 Vt. Rep. 45, the court say, that a judgment at law may have worked injustice between the parties, is not of itself enough to authorise a court of equity to relieve against it. It is necessary that a party not only should have had a good defense, but it must appear that he has been *unable to avail himself of it through the fraud or wrongful act of his opponent ;* mere accident or mistake, on his own part, is to be accounted as his misfortune, not as imputing a wrong to the other party. Justice STORY, Eq. Juris. 119 Sec. 105, under the head of accident, speaking of the powers of a court of chancery, says " That a party coming into a court of " equity is bound to show that his title to relief is unmixed with " any gross misconduct or negligence of himself, or his agents." The orator seeks to avoid the force of these decisions, in courts of equity, by distinguishing between a judgment in a common law suit, and a judgment rendered in a trustee process against the trustee, not regarding the latter as a regular judgment. It is true that the principal debtor has rights under our statutes, which cannot be enjoyed by the trustee. But the judgment against the trustee is as much a matter of record, and the adjudication is as

conclusive against him, as any judgment rendered at law, and the final process of execution issues on the judgment, as in other cases. We entertain no doubt, that the principles which forbid a court of chancery to relieve in one case, must equally forbid such relief in the other.

The result is, that the decree of the chancellor is affirmed.