## WILLIAM BURTON v. PERKINS N. WILEY.

### [IN CHANCERY.]

*Bill to obtain a new trial, in an action determined at law.*

In an application for a new trial, where the case has been determined at law, chancery will not grant relief, unless it appears, that the party has failed of obtaining redress in the suit at law by the fraud of the opposite party, or through inevitable accident, or mistake, without any default either of the party or his counsel. .

And where in the court of law, it was left to the choice of the counsel of the party, either to take a judgment for nominal damages, or have the case sent to the court below for a new trial, and from a misapprehension of facts the counsel elected to take the judgment, and such a judgment will be liable to do the party injustice, and the time prescribed by statute to petition for a new trial had elapsed, and the party brought his bill in chancery for a new trial or other relief —*Held*—that these facts do not bring the party within the rule, or afford ground for relief in chancery.

That a party, in such a case, is without redress in the court of law, and that the time has elapsed to petition for a new trial, forms no substantive ground for relief in equity.

APPEAL from the court of chancery.

The bill was brought to obtain a new trial at law, in an action which had been determined at law. The defendant demurred to the bill in the court of chancery. Chancellor COLLAMER dismissed the bill, and the plaintiff appealed to this court.

The substantial grounds for relief, alleged in the bill, sufficiently appear in the opinion of the court.

*Converse & Barrett* for plaintiff.

Insisted—I. That the court of chancery has power to decree a new trial, and cited 1 Story's Eq. Juris. 179. 2 Story's Eq. Juris. 173. Mitford[by Jeremy 153. *Tilly* v. *Wharton*, 2 Vern. 278. 1 Eq. Cas. Abr. 377. *Torey et al.* v. *Youny et al.*, 2. Vern. 437. *Floyed* v. *Jayne*, 6 J. C. R. 479. *Carrington* v. *Holabaird*, 17 Conn. 530. *Same* v. *Same*, 19 Conn. 84. 10 ¡U. S. Dig. 154 § 19. *Colyer* v. *Langford*, 1 A. K. Marshall 237. U. S. Eq. Dig. 36 § 56.

II. A new trial could not be obtained by petition, because the time prescribed by statute had elapsed before the cause for asking a new trial was known. Comp. Stat. 280 § 4.

Burton *v.* Wiley.

III. Claimed, that plaintiff, from the facts disclosed in the case, is entitled both legally and equitably to have of the defendant redress, and that plaintiff ought to have a new trial.

That chancery has granted relief, where the occasion for asking it, was the fault of counsel. *Robinson* v. *Bell*, 2 Vern. 146. And also mistake of the party, or party and counsel. See cases cited in *Robinson* v. *Bell* ; and *Carrington* v. *Hollabaird* cited *ante.*

New trials have been granted at law, for mistake of counsel, as well as of parties. See *Dow* v. *Hinesburg*, 1 Aik. 35. *Starkweather* v. *Loomis*, 2 Vt. 573.

*Washburn & Marsh* for defendant.

The counsel after ably discussing at length, the facts alleged in the bill, urged that—no fraud on the part of the defendant is stated in the bill, directly or indirectly. The whole bill proceeds upon the ground of accident or mistake, and the result of all the facts is, that whatever injury has resulted to the plaintiff has proceeded from *negligence.*

And insisted—That the court cannot proceed to open the case of *Burton* v. *Wiley*, for further litigation, without a violation of those rules, which have heretofore been applied in similar cases. *Essex* v. *Berry*, 2 Vt. 161. *Emerson* v. *Udall*, 13 Vt. 477. *Briggs* v. *Shaw*, 15 Vt. 78. *Pettes* v. *Bank of Whitehall*, 17 Vt. 435. *Fletcher* v. *Warren*, 18 Vt. 45. *Warner* v. *Conant*, 24 Vt. 351. 2 U. S. Eq. Dig. 367 § 45. 10 U. S. Dig. 170 § 282. 9 U. S. Dig. 169 § 251, 258.

The opinion of the court was delivered by

REDFIELD, Ch. J. This is a bill in chancery, to obtain a new trial in a case, finally determined in this court upon exceptions, the judgment having been entered up for nominal damages, on account of an omission to prove a demand, made upon this orator, and by consent of the counsel, in this court. It is not alleged in the bill, nor is there any pretence, of any fraud or influence of the defendant in the matter. The bill is based altogether upon the misapprehension of the counsel as to the facts, or the proof existing of the fact, in which the case was then defective, and the sickness of the orator, and his consequent absence from

court, and that the existence of the proof, and the embarrassment consequent upon the judgment being entered for nominal damages in the case, did not come to the knowledge and appreciation of the plaintiff and his counsel, until the time for bringing a petition for a new trial in the case at law, had long since elapsed, and the very great injustice which is likely to fall upon the plaintiff, if he is not allowed to go for his full damages, in the action at law, or else recover them in the court of chancery. These are the substantial grounds for relief alleged in the bill which is demurred to, and was dismissed in the court of chancery.

The early English cases which have been brought to our notice, and which we have before had occasion to examine, and some of the American cases, and especially the case of *Colyer* v. *Langford*, 1 A. K. Marshall R. 237, seem to go upon the ground that a bill will be entertained for a new trial, in an action determined at law, upon very much the same grounds that new trials are granted at law, where the courts of law have no means of granting a new trial, in the case, either for defect of powers, or from lapse of time. But the numerous cases in this state upon the subject, from that of *Essex* v. *Berry* 2 Vt. 161, down to that of *Warner* v. *Conant*, 24 Vt. 351, have established the rule here upon a very much narrower basis. The rule of the best considered and more recent cases upon this subject is, that the party must have failed in obtaining redress in the suit at law, by the fraud of the opposite party, or inevitable accident or mistake, without any default either of the party or his counsel. That is the rule laid down in the cases above cited, and in the intervening cases, among which we may name *Emerson* v. *Udall*, 13 Vt. 477, and *Pettes* v. *Bank of Whitehall*, 17 id. 435. The latter case, in principle, and in some of its facts and circumstances, has a considerable analogy to the present. The rule in Connecticut, *Carrington* v. *Hollabaird*, 17 Conn. 530, S. C. 19 id. 84, is laid down in almost the same terms in which it has been established here; stress being laid upon the fact that the plaintiff's failure to obtain justice at law, has been " without fault on his part." And by this we understand not wilful fault, but such want of care and diligence, and prudence, as is requisite in the ordinary business of life.

Now in applying these principles to the present case, it must be apparent at once, that the real basis of the bill, is to be found in

the fact, that the time to petition for a new trial at law has expired, and that the plaintiff's counsel have consented to such a judgment, in the court of law, as will·be liable to do injustice to him.

So far as the first ground is concerned, it is merely an application to be relieved, in equity, from the effect of the statute of limitations, which precludes redress at law.   In this respect this case very closely resembles that of *Fletcher* v. *Warren*, 18 Vt. 45, in principle, certainly.   For although that case does not ·profess to seek redress, upon that ground chiefly, it is obvious that no other real necessity for a resort to a court of equity, is readily discovered in the case.   It is scarcely needful to say, that no such general ground of relief, in courts of equity, exists.   And although the case of *Colyer* v. *Langford* alleges, in the note read to us, something of. this kind in regard to new trials, it will probably be found when the case is· examined, that nothing more is decided, than that to afford relief, in such case, it must appear that he is now without redress in the courts of law, and that the party has failed of a trial at law, through fraud in the opposite party, accident, or mistake, without his own fault, and that the remedy there lapsed also, without his fault.   I am not aware of this fact ever forming any substantive ground of relief in equity, although by some casual omission of a negative, through the absurd blunder of some one, I am made to say so, in so many words, in *Hall* v. *Hall*, 8 Vt. 162.   But the decision is the exact contrary to all purposes, and in all points.

There remains then, only the entry ⸢of judgment in this court ·for nominal damages.  ˙This was done by no action of the court, by no solicitation of the opposite party, but against their will, very likely, and by the express consent of the counsel for plaintiff, as is alleged in the bill.   The court could not have entered up such a judgment, without the consent of the party or his counsel.   The reasons which induced the counsel to consent to such a judgment, as alleged, are that the plaintiff's agent assured them, that " no such demand was made, and none such could be *proved*, and took upon himself. to decide and determine it, to be safe to permit judgment to be entered for nominal damages, and judgment was so entered."

Now all this is consistent with the fact, that although it might have been known, that such a demand was made, the knowledge

of it being confined to the parties, it could not, probably, be proved, unless Wiley had admitted it to some one, for *de non apparentibus et non existentibus eadem est ratio.* And this proof would probably satisfy the allegation. It is too, altogether consistent with the allegations here, that the counsel might have been chiefly influenced in determining to have judgment so entered, by the consideration of the uncertainty attending the litigation of other points in the case, which appear by the bill of exceptions made part of the bill, and the probable expectation that some redress might be obtained in the suits, in the name of the creditors. At all events, the counsel represented the party, and undertook to act for him, and with such knowledge as he had, elected to take judgment for nominal damages. Now was the case ever known, that any court should grant a new trial, because it was subsequently probable that he made an unwise election, and if he had elected to have the case opened, it would have been better for his client? For this is only probable now, and by no means certain. And if the party is given an election in this court, of this kind, and his counsel determine it, and on further investigation it turns out that the election was rash, or improvident, or that it is possibly or probably so, (for nothing more is shown here,) can the party resort to a court of equity, to give him the opportunity to make a new election, on the ground that the counsel mistook the law, or the proof in the case? It seems to me such a decision would be in conflict with all we have before decided upon the subject. After such a lapse of time it would be done, at the hazard of great injustice to the opposite party, by loss of testimony, and renewed litigation; after he had good reason to suppose it put at rest, and might be supposed to have given over that vigilance, which he would otherwise have exercised. We think, therefore, that the bill was properly dismissed upon the ground,

I. That neither fraud, accident or mistake, such as can form the basis of relief in a court of equity, is alleged in the bill.

II. It does appear, that whatever embarrassment the plaintiff is in, comes from the mistake, and misjudgment of his counsel, or agent, which is to all practical purposes the same, as if it had been that of the party himself.

III. That it is not by any means certain, that a new trial will alter the result, although it may be perhaps regarded, as probable.

IV. The party had precisely that offered him which he now desires, and elected not to accept it, and as the other party is bound by the judgment on the election, it should not be left in the power of the plaintiff to get rid of it in chancery, upon the ground that he has changed his mind, or his counsel have, upon grounds then known to the party, or which might have been.

V. The plaintiff has suffered a long delay, after he should have made his counsel aware of the proof, if any existed, so that they could have applied to this court, at its next term, to correct the entry of judgment, and send the case back to the county court, which might possibly have been obtained at that time, and which is really what the party now requires, but which it is too late to grant in any court, if indeed it could ever have been done with safety.

Decree of chancellor affirmed.