69  229!
160  596
69  229
67a 202
69    229
f97a  5169

# HENRY FULLER

*v.*

# JOHN Z. LITTLE.

1. CHANCERY—*granting new trial in suit at law.* A court of equity will not grant relief against a judgment at law, on grounds that might have been available on a motion for a new trial, nor on the ground of newly discovered evidence, unless it appears that all reasonable means and efforts had been exhausted to discover it before the trial, and that the evidence is of a material character; and the existence of the newly discovered evidence must be shown by the affidavits of the witnesses. The unsupported oath of the complainant is not sufficient, when denied.

2. SAME—*new trial on ground of surprise.* One of the grounds relied on for relief against a judgment at law and for a new trial, was that of surprise in the testimony of the plaintiff, in testifying to the terms and duration of a contract. It appeared that he testified to the contract as set forth in his declaration: *Held*, that the testimony could not afford a reasonable ground of surprise.

3. Where it is urged as a ground for a court of equity to grant a new trial at law, that certain letters were introduced in evidence by the adverse party in corroboration of his testimony, which the complainant, since the trial, has discovered were not genuine, but fraudulently written by the other party to himself, after the commencement of the suit, but the bill does not give copies of any of the letters or their contents, except that they related to matters connected with the original contract: *Held*, that a new trial could not be granted on this ground, as the court could not see that the result would have been different had the letters not been introduced in evidence.

4. SAME—*relief against judgment—negligence in not preparing for trial.* A court of equity will not open a judgment at law where the defendant was duly served and had reasonable time to prepare his defense, but neglected to do so. If, by the exercise of ordinary diligence, the defendant could have found the evidence relied on for a new trial in time for the trial, and did not, he can not be relieved from the judgment.

5. SAME—*negligence of counsel.* The negligence or mistake of counsel in the progress or trial of a suit at law, in not making a defense that was available, can not be relieved against in equity.

6. The same reason exists for rejecting an application for a new trial made to a court of chancery, on the ground of newly discovered evidence, which would determine a court of law upon a motion for a new trial.

7. It was alleged in a bill for a new trial, that the contract, as sworn to by the plaintiff in the suit at law, was not to be performed within a year from its date, and so was void under the Statute of Frauds, while the contract set out in the declaration was not within the statute, and so the defendant was misled, and prevented from pleading the statute: *Held,* that, as against any such supposed fraud, there was ample opportunity to have had relief in the suit at law, before the entry of the judgment.

8. SAME—*relief against order restoring destroyed record.* Where the record of a judgment which was destroyed by fire was restored by order of the court, without notice to the defendant, a court of equity will not, for that reason, declare such order and the execution issued upon the judgment to be void, in the absence of any allegation and proof showing that the record, as restored, was not the true one.

9. PLEADING AND EVIDENCE—*general issue.* Under the general issue in an action of assumpsit to recover damages of the defendant for discharging the plaintiff before the end of the term of his employment, evidence is admissible of the net earnings of the plaintiff during the unexpired term, in diminution of damages.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM W. FARWELL, Judge, presiding.

This was a bill for an injunction, filed by Henry Fuller against John Z. Little, to enjoin the collection of a judgment at law and for a new trial. The facts of the case are fully stated in the opinion of the court.

Messrs. STORY & KING, for the appellant.

Messrs. MERRIAM & ALEXANDER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit in equity, brought by Fuller, the appellant, against Little and Bradley, the appellees, to enjoin proceedings under a judgment against Fuller, in favor of Little, and to obtain a new trial in the suit at law wherein the judgment was rendered.

The judgment, being for $2880, was recovered by Little in an action of assumpsit, upon an alleged special contract with Fuller to employ Little as stage manager of the theatre of the former in the city of Chicago, for one year, from July 4, 1869, at a salary of $30 per week until August 1, 1869, and $60 per week after that date.

The bill avers that the complainant only carried on the theatre till August 1, 1869, when he disposed of it to one Aiken, and that the only employment of Little, and the only services rendered by the latter to Fuller, were from about March 10, 1869, until August 1, 1869, at a salary of $30 per week, which was paid in full to Little at the time last named; and alleges that the judgment was procured by fraud and false swearing on the part of Little; that there has been newly discovered testimony since the trial, as well as some other matters, which will be hereafter noticed.

The court below, on motion of the defendants, dissolved the injunction which had been granted, for want of equity appearing on the face of the bill, and afterwards, on motion of defendants, dismissed the bill without prejudice. The complainant appealed.

The bill first alleges, that the complainant was taken by surprise by the testimony of Little of his employment by Fuller for a year. But this employment was alleged in the declaration, and it can not be held to be a reasonable ground of surprise on the part of a suitor at law, that a party should testify to the existence of such a contract as he describes in his declaration as the cause of action upon which he brings his suit.

The bill avers the complainant's belief, that his own denial of the employment of Little for a longer period than August 1, 1869, would have been sufficient to defeat the suit, had it not been for certain letters which were introduced in evidence on the trial by Little, which letters bore date on and after July 20, 1869, and purported to be in answer to other letters written by Little as stage manager for complainant, during the last ten or eleven days of July, 1869, and were on the subject of the employment of the persons sending the letters, for the theatre.

It is then averred, that, since the trial, the complainant has discovered that the letters were in fact written by the parties, by the procurement of Little and his friends, long after the said suit had been brought, for the fraudulent purpose of influencing the jury against the complainant, by introducing the letters in evidence as if genuine, and received by Little prior to August 1, 1869.

None of the letters appear in the bill, nor is there an attempt in any way to state their contents, further than that they were concerning employment at the theatre. We can not see the material bearing of these letters upon the verdict. We must be satisfied that a different result would probably have been produced had they not been introduced, before we can grant a new trial on this ground. *Holmes* v. *Stateler et al.* 57 Ill. 209.

We can not accept the belief of the complainant upon the subject. The letters should have been set forth, or such a statement of their contents, that the court could see for itself the probable effect of the evidence.

The bill next sets forth, that, since the trial, the complainant has discovered four witnesses, by whom he can prove certain admissions made by Little which would be contradictory of the idea of his employment for a longer period than to August 1, 1869. As to two of these witnesses, the admissions were during the course of two certain conversations,

which occurred between Little and the complainant, at which the witnesses were present.

As an excuse for not producing these two witnesses at the trial, it is alleged that complainant had so many conversations of the same character with Little, that he did not notice who was present. But he should have so noticed and recollected it. *Yates* v. *Monroe*, 13 Ill. 218.

The excuse alleged indicates the probable existence of other testimony of the same kind, which might have been had at the trial by the exercise of ordinary diligence. So far, the allegations as to all this newly discovered evidence are, that it had been discovered since the trial, not since the denial of the motion for a new trial. If the discovery had been previous to the motion, full relief could have been afforded on such motion, and a subsequent application to a court of chancery for relief would not be entertained. It is subsequently averred, that an application for a new trial was made and overruled, and that much of said newly discovered evidence was unknown to the complainant at that time, and came to his knowledge since the entry of the judgment.

The averment is too vague and indefinite. It should have appeared distinctly what the testimony was which had been discovered since the overruling of the motion for a new trial. And the answer as to all this alleged newly discovered testimony is, that there is no evidence whatever of its existence, save the statements in the bill verified by the oath of the complainant, and no excuse shown for not supporting the same by any additional evidence.

A motion for a new trial, founded upon newly discovered testimony, should be supported by the affidavits of the witnesses by whom it is proposed to prove the facts relied upon, or some excuse should be shown for not obtaining them. The party's own affidavit will not suffice in this respect. *Cowen* v. *Smith*, 35 Ill. 416. The same reason exists for rejecting an application for a new trial made to a court of chancery, on the ground of newly discovered evidence, which would

determine the action of a court of law upon a motion for a new trial. *Yates* v. *Monroe, supra.* There is not even the specification of the name of the writer of a single one of the letters so alleged to have been fraudulently procured.

The bill alleges that the contract, as sworn to by Little, was made June 28, 1869, and was not to be performed in one year from that date, but in one year from the 4th day of July, 1869—one year and six days from the making of the contract, and so was void by the Statute of Frauds; and that Little committed a fraud in setting out the contract in the declaration, as made July 4, 1869, whereby Fuller was misled and prevented from interposing the plea of the Statute of Frauds. But as against any such supposed fraud as that, it is obvious that there was ample opportunity to have had relief against it, in the action at law, before the entry of the judgment.

The bill further alleges, that, immediately after the close of the theatre and the disposing of the same to Aiken, August 1, 1869, Little organized a company of actors and traveled about the country, giving dramatic representations, and received from various sources, during the time intervening that date and July 4, 1870, (the time of the termination of his employment by Fuller, as testified to by Little,) as compensation for his services and earnings, upwards of $2000; that as the only pleas in the action at law were those of nonassumpsit and a release, no evidence could have been lawfully introduced concerning such earnings, and that if the judgment is to stand, complainant should be allowed to set off against the same the amount of said earnings, the bill setting forth that Little is insolvent and a non-resident of the State—the bill further averring that complainant was unable to procure any definite information as to the places visited by Little, or the amount of his earnings from August 1, 1869, to July 4, 1870, until long after the judgment, and, when applied to, Little pretended that he was unable to give any definite information on the subject.

There can be no question that, under the plea of the general issue in the suit, evidence would have been admissible of the net amount of Little's earnings between August 1, 1869, and July 4, 1870, in diminution of the plaintiff's damages. If Little, immediately after the close of the theatre, August 1, 1870, organized a company of actors in Chicago, and proceeded to travel about the country, giving dramatic representations, this was sufficient to awake the attention of Fuller to the fact that Little might have made earnings. The public character of such a mode of occupation, and the circumstance of the company being formed at Chicago, would seem to have rendered the means of information as to the profitableness of the enterprise in which Little was engaged attainable by the use of ordinary care and diligence. The suit having been commenced in January, 1870, and not tried until April, 1871, there was full time for obtaining the requisite information.

If there was testimony to be had of the earnings claimed, it should have been produced in reduction of damages on the trial. Little himself might have been examined on the subject. Besides, Little, as the head of a dramatic company, might have received this large amount of money, and yet his actual realization of net profit have been nothing. So that it is not made to appear that complainant really has any such set-off as he claims, as it could only be of the net amount of such earnings.

The bill further alleges, that from August 1, 1869, to the time of commencing said suit, was just twenty-two weeks; that the utmost that Little was entitled to recover was for the stipulated compensation under the alleged contract, during that period, which would be $1320; that, by reason of the cause not being tried until April, 1871, and after the full expiration of the time of the alleged yearly hiring, by the mistake of all parties—the jury, court and counsel—a verdict was allowed for the entire unexpired term of said year, viz: from August 1, 1869, to July 4, 1870, making an excess of

$1560 above the amount Little was entitled to recover in the action in any event.   It would be novel for a court of equity to entertain jurisdiction for the purpose of correcting a mistake committed by court or jury in the trial of an action at law.   Any such mistake as is alleged, on the part of counsel, would be the result of negligence, against which, in such case, it is familiar doctrine, that equity will not afford relief.

The bill lastly alleges, that the record of said judgment was destroyed in the fire in Chicago, October 9, 1871; that on the last day of the November term, 1872, of the court wherein the judgment was rendered, an order was made by the court restoring the record of the judgment, without any notice to the complainant of the proceeding for that purpose; that an appeal was prayed from the order, which the court refused to grant; that an execution afterward was issued upon the judgment, and was then in the officer's hands; and the bill claims, that for want of notice of such proceeding for the restoration of the record, the proceeding for that purpose, and the judgment and execution are void.   But there is no pretense in the bill that the record, as restored, is not a true one.   There is, then, no equitable ground for relief in this respect shown.

The above are all the substantive grounds of complaint made in the bill.   Some are manifestly without foundation. Others might have been availed of on the motion for a new trial.   As to some of the alleged newly discovered testimony, it does not appear that all reasonable means and efforts had been exhausted to discover it before the trial.   It is not of a conclusive character.   It does not appear with reasonable probability, that, if introduced on a new trial, it would produce a different result.   Its existence rests upon the unsupported statement of complainant.   Upon the trial, there was the sworn statement of one party opposed to that of the other. There is no more than that now appearing in the case.   Were a court of chancery to entertain bills for a new trial at law, on the allegation of one party that the other had sworn falsely, the occasions would be numerous for applications of the

present kind, under a practice where parties testify in their own causes, and their conflicting testimony on trials is so frequently witnessed. In *Tobey* v. *Young*, Prec. in Ch. 193, the Lord-keeper observed, in reference to a bill for a new trial, that "new matter may, in some cases, be ground for relief, but it must not be what was tried before ; nor, when it consists in swearing only, will I ever grant a new trial, unless it appears by deed or writing, or that a witness on whose testimony the verdict was given was convicted of perjury."

Applications to a court of chancery for a new trial after a verdict at law, are very rare in modern times, since courts of law exercise the same jurisdiction and to the same liberal extent ; and such bills are watched by equity with extreme jealousy. *Smith* v. *Lowry*, 1 Johns. Ch. R. 323 ; *Bateman* v. *Willoe*, 1 Schoale & Lefroy, 201.

Upon the whole, we fail to perceive sufficient reason for disturbing the decree of the court below in finding that, under the circumstances, as disclosed in the bill, the appellant was not entitled to the interference of a court of equity to stay execution on the judgment, or the collection of the latter.

The decree is affirmed.

*Decree affirmed.*