Patterson, J.
The payment was made by Mr. Sands invalidity of the assessment, for he had caused the same assessment to be vacated as to other property belonging to him, and it was only through the neglect of his attorney that the final order failed to *62 apply to the lot mentioned in this action. There was no compulsion in the payment, for no attempt was made or threatened to collect the amount or to enforce the lien in any way. The payment was made by the plaintiff to acquit ¡himself of an obligation he had assumed to his. grantee to pay it or have it vacated. His act in paying was voluntary because there was neither coercion in fact nor in law. There is coercion in law where the assessment is invalid, and the facts showing the invalidity do not appear in the proceedings, and the assessment is paid to-remove a cloud on title. Such was the case of Peyser v. The Mayor (70 N. Y., 497), where the defect rendering the assessment void was jurisdictional. It has recently been held in Jex v. The Mayor (103 N. Y., 536; 3 N. Y. State Rep., 657), that where the facts justify it a bill will lie for the double relief of vacating the assessment, as a cloud on title and to recover money paid on the assessment; but where the defect appears on the face of the assessment proceedings, there is no cloud on the title. Such is the condition of this case.
Respecting the One Hundred and Sixteenth street assessment, it is conceded that no ordinance was adopted for laying it, and the case is in that respect similar to Fleetwood v. The City of New York (2 Sandf., 475). This defect would necessarily appear in any attempt by a purchaser under an assessment sale to obtain possessiqn of the property. In Marsh v. The City of Brooklyn (59 N. Y , 283), the court of appeals states the rule upon which the courts interfere to remove a cloud on title to be as follows: “ When the claim or lien purports to affect real estate and appears on its face to be valid; when the defect in it can be made to appear only by extrinsic evidence, which will not necessarily appear in proceedings by the claimant thereof to enforce the lien, there is .a case presented for invoking the aid of a court of equity to remove the lien which is a cloud upon the title; ” and in Strusburgh v. The Mayor (87 N. Y., 455), the court says the action can be maintained to remove the assessment as a cloud on title, when the assessment is in fact invalid, and the invalidity does not appear on the face of the assessment, and will not necessarily appear in a proceeding taken by a purchaser to get possession of the land.
All the proceedings with reference to the One Hundred and Sixteenth street assessment were void because they were not instituted by competent authority, and it would not require proof extrinsic of the proceedings to show that. Respecting the Fourth avenue assessment, its invalidity appears on the face of the assessment list. There it is stated that discretion was given to the commissioner of public *63 works to have the work done by days’ work and not by contract. That was altogether void. In both instances, therefore, these assessments were not even prima facie regular, and the proceedings themselves contained the evidence of their own invalidity.
The action cannot be maintained to remove a cloud on title, nor can the money paid be recovered back. It was a voluntary payment, there being no coercion of law or fact within the rule as Judge Folger has stated it in Peyser v. The Mayor (supra).
The neglect of the attorney in omitting to embrace the plaintiff’s two lots in the order vacating the assessments on the application made in 1880, does not give a right to maintain this action as one for equitable relief on the general ground of mistake. Nothing is added to the strength of the plaintiff’s case by the circumstance referred to, if for no other reason because equity does not reheve against the mistake or negligence of counsel in legal proceedings. Fuller v. Little, 69 Ill., 229; Warner v. Conant, 24 Vt., 351.
There must be judgment for the defendant, with costs.