## Samuel Lewis and Peter Fishback v. Firemen's Insurance Company.

1. MOTIONS—*How Made.*—Motions should be entered by the clerk, or filed, so that they can be called up by either party. Sending a written motion to a judge is not equivalent to filing it in his court, as the judge is not the custodian of the files or the keeper of the records.

2. JUDGMENTS—*When Collection Not to be Enjoined.*—The collection of a judgment will not be enjoined, when, by the exercise of diligence, the party could have presented his defense.

Bill, to enjoin the collection of a judgment. Appeal from the Circuit

Court of Cook County; the Hon. ELBRIDGE HANECY. Judge, presiding. Heard in this court at the October term, 1896.    Reversed and decree entered.    Opinion filed November 30, 1896.

## STATEMENT OF THE CASE.

This is an appeal from an order of the Circuit Court of Cook County, overruling a demurrer to a bill for an injunction, and making perpetual a preliminary injunction there-tofore granted.

The bill sets up that the appellee is a corporation organized and doing business in the State of Illinois. That on March 7, 1894, the appellee issued an insurance policy for $1,000, upon the household goods, groceries, fixtures, etc., located at No. 395 South Desplaines street, in Chicago, to Samuel Lewis, the owner of said property, for one year from March 7, 1894. That on November 12, 1894, said goods were damaged by fire to the amount of $48.15.

That on November 15, 1894, arbitrators were agreed upon between the parties, and said arbitrators adjusted said loss and damage at $48.15.

That no proof of loss was furnished the company within thirty days after said loss by said Lewis, as provided in said policy of insurance, and that such proofs of loss were not furnished by said Lewis until January 11, 1895, and that said company was not, therefore, liable for any part of said loss.

But the said company offered and was ready and willing to pay the said Lewis the said sum of $48.15, so found by said arbitrators to be the amount of said loss.

That said Lewis refused to abide by the award of said arbitrators, and refused to receive said sum of $48.15 in satisfaction of said loss, but brought suit against said appellee before Justice Gibbons to recover for such loss, which was tried before said justice, and the jury returned a verdict of $200 against said appellee.

That an appeal was duly prosecuted from said justice to the Circuit Court of Cook County, and said cause was placed on Judge Burke's docket as No. 139,787.

That on February 28, 1896, and at the February term of

said court, upon the first call of the calendar before Judge Burke, and in the absence of U. P. Smith, the attorney for appellee, said appeal was dismissed for want of prosecution. That on same day appellee served notice upon the attorneys for said Lewis, that on the following morning, February 29, 1896, appellee would move to reinstate said cause upon the docket for trial, at which time the attorney for Lewis appeared, and the court placed the same upon the contested motion calendar for hearing on March 7, 1896. .

That upon March 7, 1896, U. P. Smith, the attorney for appellee, who was still confined to his home by illness, prepared a written motion to reinstate said cause, together with his own affidavit in writing, stating in substance that in consequence of his illness on the day said cause was dismissed, he had sent his clerk to said court to state to the court that said cause was ready for hearing, but that said clerk arrived in court a minute or two too late to state this fact to the court until after the case was called; but that said clerk, Hector Streychman, then and there requested the court to reinstate said cause, and the court then and there stated that said cause would have to be reinstated upon affidavit.

The said U. P. Smith further stated that he was familiar with said cause and believed said company had a good defense to the same upon the merits, and would be ready to try the same whenever it should be reached for trial. That the affidavit of A. C. Collins, the secretary of the company, was also prepared, setting up that the company had a good defense to said suit upon the merits and would be ready to try the same whenever it was reached for trial .upon the regular call of the docket.

That said U. P. Smith inclosed said motion and affidavits together with a personal letter, in an envelope directed to Judge Burke, stating that he was at home ill, and could not appear in court on that day, and asked said Judge to. file said motion and affidavits and continue the hearing of said motion for one week on account of the illness of said Smith, which said motion and affidavits were delivered to Judge

Burke by the said Hector Streychman, and the court thereupon continued the hearing of said motion until March 14, 1896.

That said Smith was unable to attend court on account of illness until Saturday, March 21, 1896, but had sent his clerk, on Saturday, March 14, 1896, with a statement to the court that he, said Smith, was still too ill to be in attendance on that morning, and asked to have the hearing of said motion continued until the 21st day of March, 1896, which was done. That on the 21st day of March, 1896, said Smith appeared in court to call up said motion, but neither said motion nor the said affidavits filed therewith could be found.

That the term at which said suit had been dismissed, to wit, the February term, A. D. 1896, had expired on March 14, 1896. March 21st being one of the days of the March term of said court, and no motion or affidavits appearing to have been filed during the February term of said court, the court refused to take any action in the matter, saying that the term at which said appeal was dismissed had passed, and no motion appearing to have been made during the term to reinstate said cause, he had no power to act in the matter, unless said written motion and affidavits could be found.

That diligent search had been made by Judge Burke and the clerk of said court, and by U. P. Smith, for such written motion and affidavits, so delivered to said judge and filed in said cause as aforesaid, and upon which said motion to reinstate said cause was continued from time to time, as hereinbefore stated, and no trace can be found of said written motion and affidavits among the files and papers in said court, or in the judge's room, or in any other place, and that said written motion and affidavits have been lost, and said company has thereby been deprived of all right to have said cause reinstated upon the docket and tried upon its merits in said suit at law.

That said company has a good defense to said cause, and the whole of it, but certainly to all but $48.15 of said claim,

and has, by accident, or the loss of said motion and affidavits, been deprived of its right to a trial of said cause and without any fault on the part of said company, or on the part of its said attorney, and your orator is now ready and willing and hereby. offers to pay the said defendant the said sum of $48.15.

That said written motion and affidavits were presented to the court, and filed in said cause during the term at which said cause was dismissed, as hereinbefore stated, and at the time and in the manner hereinbefore stated, and entitled said company to call up said motion, and to reinstate said cause at the March term of said court, if said motion and affidavits had not been lost. That by reason of said loss and accident, said company has been deprived of its right to make its said defense to said cause in a court of law, and can have relief only in a court of chancery, etc.

That said Lewis has already caused execution to be issued upon said judgment in said justice court, and has caused the same to be placed in the hands of Peter Fishback for service, and said Fishback has already demanded of said company payment of said judgment, and has threatened and stated that unless at once paid, he will levy said execution upon said company's bank account immediately.

That said company's business is such that it is absolutely necessary in the conduct of the same to keep a bank account and to pay out and deposit large sums of money every day to different persons in the course of its business in order to conduct and manage the same, and that such levy would result in great and irreparable loss and damage to said company, and prevent the transaction of any business by said company. That to seize upon the company's bank account by means of said levy would inevitably result in permanent and irreparable loss and damage to said company in its business and financial credit.

That unless said Lewis shall be immediately enjoined from levying on said company's bank account, he will, within the next few hours, levy said execution upon said bank account, and that it is important that such injunction

be forthwith allowed without the formality of any notice to said Lewis.

That said Lewis is wholly irresponsible, pecuniarily, so that no damages said company might recover of him could be collected, and he has no property out of which any judgment recovered against him could be collected.

Prays for an injunction against Samuel Lewis, Peter Fishback and their agents, officers or servants, etc.

The bill was sworn to by A. C. Collins, secretary of the Firemen's Insurance Company, and by U. P. Smith.

The defendants filed a demurrer to said bill, setting forth that the company had not made or stated such a case as entitled it to any relief, because it had and has an adequate remedy at law, etc.

The demurrer was overruled by the court; the appellants elected to stand by their demurrer. The only question is whether the bill is good upon its face.

OLSON & BANTLE, attorneys for appellants.

A judgment will not be enjoined unless it is made to appear that it was both unjust, and that it was obtained without negligence on part of the defendant. Walker v. Shreve, 87 Ill. 474; Sprague v. Lux, 12 Ill. App. 271.

Something must have occurred to prevent a defense, and it must not have been remediable by the use of reasonable precaution and diligence. Mallendy v. Austin, 69 Ill. 15.

Nor does it make any difference that the omission is the negligence or mistake of counsel in the progress of the case. Fuller v. Little, 69 Ill. 229.

U. P. SMITH, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is perhaps to be regretted that in a great city like Chicago the business of courts can not be transacted as it once was in small country districts, where counsel and court, in a most commendable spirit of friendliness, waited for the

convenience of each other. If a lawyer was ill, or wished to go fishing, not until he returned to labor was an effort made to force to trial causes in which he was engaged. In this city, he who stands still is run over; one must keep up with the procession, or get out of the way.

The bill of the complainant showed no excuse for the absence of his counsel February 28th, when his "appeal" was dismissed.

Counsel promptly gave notice of a motion to reinstate, which motion was set for hearing March 7th. Upon this day, counsel, being ill, prepared a written motion to reinstate the "cause," and his affidavit, stating that in consequence of his illness on the day the "cause" was dismissed, he had sent his clerk to state to the court that the cause was ready for hearing, but that the clerk arrived too late.

This motion and affidavit he, instead of filing, sent with a personal letter, to the judge of the court.

Now the appeal and not the cause was dismissed.

Yet the judge continued the hearing of the said motion to March 14th; and thereafter upon the application of the same counsel, continued it to March 21st, when, for the first time, counsel for appellee appeared in court to call up his motion to reinstate; but neither the motion nor the affidavits, which counsel had never filed, could be found. Thereupon the February term, at which the "appeal" was dismissed, having passed, "and no motion appearing to have been made during the term to reinstate said cause," the court refused to reinstate.

The bill presented no case for the interposition of a court of equity.

No excuse for not filing the motion to reinstate was shown.

The plaintiff was entitled, if such motion was to be considered, to have it entered by the clerk, or filed so that it could be acted upon, and called up by either party.

Sending it to the judge was not equivalent to filing in court. The judge is not the custodian of the files, or the keeper of the records.

By the exercise of reasonable diligence, the appeal would

not have been dismissed, and a motion to reinstate would have been made at the February term.

A judgment will not be enjoined when, by the exercise of diligence, the party could have presented his cause. Walker v. Shreve, 87 Ill. 474; Mallendy v. Austin, 69 Ill. 15; Fuller v. Little, 69 Ill. 229.

The demurrer to the bill should have been sustained.

The decree of the Circuit Court is reversed, and a decree dismissing the bill will be here entered.