### H. O. CAMP *vs.* J. H. WARD, et al.

January Term, 1897.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Bill for Relief from Judgment Obtained by Perjury—Bill of Discovery.*

The acts for which a court of equity will, on account of fraud, set aside a judgment between the same parties, have relation to fraud extrinsic or collateral to the matter tried by the first court, and not to fraud in the matter on which the judgment was rendered.

Hence a bill is demurrable which seeks to set aside a judgment between the same parties upon the allegation that it was based upon perjured

testimony of the true nature of which the defendants were or ought to have been aware.

The bill cannot be sustained as a bill of discovery, since the judgment is conclusive against the orator that he has no interest in the matter respecting which discovery is sought.

BILL IN CHANCERY. Heard on demurrer at the September Term, 1895, Washinton County, before *Ross*, Chancellor. *Pro forma* decree sustaining the demurrer and dismissing the bill. The orator appealed.

*John W. Gordon* and *R. A. Hoar* for the orator.

The orator is entitled to a new trial on the ground of surprise. *Bradley Fertilizer Co.* v. *Fuller*, 58 Vt. 315; *Hoskins* v. *Hattenback*, 14 Ia. 314; *Delmas* v. *Margo*, 25 Tex. 1: 78 Am. Dec. 516 and note; *Fretwell* v. *Laffoon*, 77 Mo. 26; *Russell* v. *Reed*, 32 Minn. 45; *Farnham* v. *Jones*, 32 Minn. 7; *Goldstein* v. *Lowther*, 81 Ill. 399; *Barnes* v. *Milne*, Rich. Eq. Cas. 459: 24 Am. Dec. 422; *Oliver* v. *Pray*, 4 Ohio 175: 19 Am. Dec. 595 and note; *Beckwith* v. *Middlesex*, 20 Vt. 593; *Dow* v. *Hinesburgh*, 1 Aik. 35; *Stanton* v. *Bannister*, 2 Vt. 464.

In such cases, the statute of limitations having run at law, equity will relieve. III Graham & Waterman, New Trials, 1531; *Delmas* v. *Margo*, 25 Tex. 1; *Parshall* v. *Klinck*, 43 Barb. 203; *Martin* v. *Clark*, 1 Hemp. 259; *Knifong* v. *Hendricks*, 2 Gratt. 212: 44 Am. Dec. 385; *Deputy* v. *Tobias*, 1 Blackf. 311: 12 Am. Dec. 243.

Equity will relieve against perjury in a case like the present. *Peagram* v. *King*, 2 Hawks 605: 11 Am. Dec. 793; *Dyche* v. *Patton*, 3 Jones, Eq. 332; *Marine Ins. Co.* v. *Hodgson*, 7 Cranch 332.

*J. P. Lamson* and *E. W. Bisbee* for the defendants.

ROWELL, J. The question arises on demurrer to a bill for relief from a judgment rendered on a verdict obtained by perjury in a suit in favor of the defendants against the orator for false warranty of the title of a horse that he sold

to them at sheriff's sale on an execution against McKane. The main issue tried in that case was, as alleged in the bill, whether McKane's wife bought and owned the horse, and whether Mann Bros. acquired a legal title thereto by purchase from her. She testified that she bought the horse with money that she inherited from her father's estate, and sold it to Mann Bros. This testimony both surprised and defeated the orator, and when it was too late to petition at law for a new trial, he discovered and can prove that it was wholly and purposely false. But the bill does not implicate the defendants in the fraud otherwise than by alleging that the orator is informed and believes that Mann Bros. were in collusion and fraudulent combination and conspiracy with McKane and his wife and the defendants to defraud and defeat him in that suit, and that Mann Bros. and the defendants knew, or ought to have known, that Mrs. McKane's testimony was knowingly and purposely false. But the allegation on information and belief is obviously not sufficient to implicate the defendants; and the allegation that they knew, or ought to have known, charges neither with certainty, and if the demurrer is taken as admitting the averment, it can at most be said that they ought to have known but did not, for as here is an equipoise, no intendments on demurrer are to be made in favor of the pleader's case that do not naturally result from the allegation. Story's Eq. Pl. Redf. Ed. § 452a; *Simpson* v. *Fogo*, 6 Jur. N. S. 949.

There was, then, no subornation of perjury by the defendants, nor even knowledge on their part that the testimony was false, and it was relevant to the main issue tried, which was decided against the orator, who had his day in court.

It is said in *Burton* v. *Wiley*, 26 Vt. 430, that the early English cases, and some of the American cases, go upon the ground that a bill will be entertained for a new trial in an action determined at law upon much the same grounds that

new trials are granted at law, when the courts of law have no means of granting such trials, either for want of authority or from lapse of time; but that in this State the rule has been established on a much narrower basis, and that the party must have failed of obtaining redress in the suit at law by the fraud of the other party or by inevitable accident or mistake without fault on his part or that of his attorney. This is said to be the doctrine of the best considered and more recent cases. It is not enough to show that injustice has been done; it must appear that it was done in circumstances that authorize a court of equity to interpose,—that afford ground of equity jurisdiction. *Bateman* v. *Willoe*, 1 Sch. & Lef. 201. But surprise is not such a ground, unless accompanied with fraud and circumvention. *McDaniels* v. *Bank of Rutland*, 29 Vt. 230. Nor is the lapse of the statutory period for petitioning at law for a new trial. *Burton* v. *Wiley*, above cited.

The maxim that fraud vitiates every proceeding must be taken to apply to cases in which proof of fraud is admissible. But when the same matter has been actually tried, or was so in issue that it might have been tried, it is not again admissible, for the party is estopped to set up such fraud, as the judgment is the highest evidence and cannot be contradicted. *Shaw*, C. J., in *Greene* v. *Greene*, 2 Gray 361, 366.

The acts for which a court of equity will, on account of fraud, set aside or annul a judgment or a decree between the same parties, rendered by a court of competent jurisdiction, have relation to fraud extrinsic or collateral to the matter tried by the first court, and not to fraud in the matter on which the judgment or the decree was rendered. This is the precise point ruled in *United States* v. *Throckmorton*, 98 U. S. 61. This rule is based upon the maxims that it is for the public good that there be an end of litigation, and, that a man shall not be twice vexed for one and the same cause. The court there says, that when by reason of something done by the successful party to the suit there was in fact no

adversary trial nor decision of the issue in the case, equity will grant relief; but that it is well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument or perjured testimony, nor for any matter that was actually presented and considered in the judgment assailed. This has long been the settled doctrine in this State. Thus, in *Emerson* v. *Udall*, 13 Vt. 477, 483, it was said that notwithstanding some early cases to the contrary, it was then well settled that a court of equity will not examine into the foundation of a judgment of a court of law upon any ground that either was, or might have been, tried in such court, but that equity will sometimes grant relief when a party, by accident or mistake without his own fault, or by the fraud of the other party, has failed of an opportunity to present his case, and also when his defense is purely of an equitable character, and therefore could not avail at law. Beyond this, the court said, it was not aware of any good ground on which equity could enjoin a judgment at law, although cases were to be found, but not of very high authority, that have gone somewhat further.

So in *Fletcher* v. *Warren*, 18 Vt. 45, it is said that the fact that a judgment at law has worked injustice between the parties is not, of itself, enough to authorize a court of equity to grant relief, for suggestions of injustice can always be made, and if it was competent for equity to interpose on such grounds alone, no determination at law would ever be final; that it would, moreover, be a manifest repugnancy in any system of jurisprudence that the decisions of one ultimate and final jurisdiction should be subject to the revision and correction of another; that therefore it is only on collateral grounds, not passed upon by the court of law, that a court of equity can proceed in such cases, and then it acts upon the conscience of the party in fault, and not upon the court of law; and hence that it is usual to allege and show that the party seeking relief has a just defense, of which, through the fraud or wrongful act of the other party, he was unable to avail himself at the trial.

*Pico* v. *Cohn*, 91 Cal. 129: 25 Am. St. Rep. 159, is a very strong case to the same effect. It decides that neither a judgment nor a decree will be set aside in equity on account of any fraud that is not extrinsic or collateral to the question examined and determined in the original action, and that a fraud is not extrinsic or collateral within the meaning of the rule, unless it prevents the party from having a trial. There the successful party bribed a witness to swear falsely, and it was claimed that the bribery was the fraud, and as it was not, and could not have been, the subject of investigation at the trial, it was extrinsic and collateral, and brought the case within the rule. But the court held that the production of the perjured testimony was the fraud, and that the means by which the witness was induced to swear falsely was but an incident.

In a note to that case Mr. Freeman says there is little or no doubt of the truth of the proposition there stated, but he thinks that subornation of perjury is an extrinsic or collateral fraud within the meaning of the rule, and ought to be held such; but he does not intimate that the credibility of testimony relevant to the issue tried is extrinsic or collateral, as it clearly is not. I Herman, Estop. and Res. Judic. § 394.

See monograph note to *Oliver* v. *Pray*, 19 Am. Dec. 603, on the power of a court of equity to relieve from judgments at law.

If the bill can be treated as a bill of discovery concerning the supposed chattel mortgage of the horse from McKane to Mann Bros., it cannot be sustained as such, for the orator has no title nor interest in the matter respecting which discovery is sought, as the judgment at law finally and conclusively settles that matter against him.

Although the demurrer is only to the amendment of the bill, it was treated in argument as being to the whole bill, and hence we have so treated it.

*Decree affirmed and cause remanded.*