INHABITANTS OF THE COUNTY OF ESSEX *vs.* JOSEPH BERRY.

ORANGE,
*February,*
1829.

B brought an action against the inhabitants of E, to recover for certain services rendered by him. The defendants, considering they had a good defence to said action, wrote to an attorney residing in the same town where the trial was to be had, directing him to appear and defend in their behalf. The letter was put into the post-office in season ; but by some accident did not reach the attorney, till after the return day of the writ, and a judgment was rendered by default against said defendant. In a bill in Chancery afterwards brought against B praying for a perpetual injunction on said judgment, on payment of such sum as the Court should believe to be due, it was held that the Court could grant no relief.

When a defendant is prevented from appearing and making his defence by inevitable accident, and judgment is rendered against him by default—a Court of Equity will not vacate the judgment, or stay proceedings thereon, if it do not clearly appear that manifest injustice has been done.

A Court of Equity will not grant relief from a judgment, alleged to have been obtained by fraud, where the relief asked for is merely a reduction of the damages.

Nor will Chancery in such case interfere when the amount in controversy is small.

This was a *bill in Chancery,* alleging that at the June term, 1823, *Seth Cushman,* then State's Attorney for said county, filed several informations in said Court against the towns of *Canaan, Lemington, Minchead, Brunswick, Maidstone, Guildhall,* and *Lunenburg,* for not having furnished themselves with munitions of war according to the requisitions of law, without leave of the Court—That at the October session of the Legislature in 1823, the defendant, *Joseph Berry,* was appointed State's Attorney for said county, and was re-appointed the succeeding year—That at the December term, 1823, said informations were continued on motion of said

ORANGE,
February,
1829.

Essex
vs.
Berry.

*Berry*, for the purpose of citing in the said towns to defend—that at the June term, 1824, *Berry* informed the Court that no citations had issued, and again moved for a further continuance for that purpose—that the Court thought the attorney had been negligent, and declined consenting to a further delay—that *Berry* then proposed that if the Court would continue said causes, he would charge no cost or fees against the plaintiffs for that term : whereupon the Court granted a further continuance—that at December term, 1824, one of the causes was called for trial ; whereupon *Berry*, informed the Court he was not prepared for trial, and again moved for a continuance, which the Court refused to grant : whereupon *Berry* in an angry manner, and on his own responsibility, and without the direction of the Court, entered in each of said actions a *nolle prosequi*, by order of Court—that defendant, *Berry*, afterwards presented his account for services rendered in said informations at the December term, 1824, to the said Court ; but never presented any account, or pretended to have any claim, for June term, 1824 : but the Court refused to allow such account—That defendant, *Berry*, afterwards removed to *Newbury*, in the county of *Orange* ; and on the 20th April, 1827, commenced an action on book against the plaintiffs for his services as State's Attorney for said county of *Essex*, returnable at said *Newbury* on the 1st Saturday of June, 1827, before *Charles Hale*, a Justice, &c. claiming $100, damages—that the orators well knew they owed the said *Berry* only $2 75 ; and had *well hoped* said *Berry* would have taken judgment on said default for only such sum as was justly his due—That when said writ was served, the orators wrote to one *Gustavus G. Cushman* of said *Newbury*, an attorney, enclosing a copy of said writ, and requested him to appear in, and defend, said cause before said Justice ; and put their letter into the post-office in said *Guildhall* in due season to have had it reached the said *Cushman* before the return day of said writ—that by some mistake said letter did not reach said *Cushman* till after the return day of the said writ ; by means whereof no appearance was entered in said action, and the same was defaulted —That when the said action was defaulted, *Berry*, in fraud and violation of his agreement not to tax cost and fees in said prosecutions for June term, 1824, made up an account against said county, charging $14, as fees in said informations for said term, and also charging $55, as fees therein, as accruing at said December term, 1824, and other unjust charges which by law he had no right to charge, and $10 20 interest on said charges unjustly made as aforesaid : all which, with what was justly due as aforesaid amounted to $82 97 ; and took judgment for that sum, and for $4 52

ORANGE,
February,
1829.

Essex
vs.
Berry.

cost, and took execution thereon—that *Berry* immediately caused said execution to be levied on the property of *D. Dennison*, one of the inhabitants of said county, and threatened to sell said property on said execution—That said *Berry* was so poor and destitute of property, that in case he should collect said execution, he could not be compelled to repay the same—That *G. G. Cushman*, immediately after said default, and before execution issued thereon, requested *Berry* to consent to have the said default taken off and let the orators go to trial in said action, and that *Berry* refused—That the orators had tendered to *Berry* the sum of $20 to satisfy said judgment, and requested him to accept the same in satisfaction; but that he refused so to do.

The bill prayed a perpetual injunction on the execution on said judgment, on payment of such sum as the Court should think due in equity, and for costs.

*The answer admitted* the filing the informations, and the continuance thereof, as stated, at June term, 1823; his own appointment as State's Attorney in October, 1823, and the continuance of the causes on his motion December term, 1823, for citations to issue returnable to June term, 1824—That at June term, 1824, said towns had not been cited to appear, in consequence of propositions of settlement being made to settle the same—that he had offered, if a settlement could be made, to tax no fees or costs for June term, 1824—that towards the close of said term he informed the Court that no settlement had been or would be made, and asked for a continuance, which was granted—That at December term, 1824, one of the actions was called for trial—that he stated to the Court he was not prepared for trial, by reason of the death of *James Brooks*, the quarter-master of the regiment, whose testimony he wanted to prove the deficiency of ammunition, &c.—that his return would be necessary, &c. that said return was indispensible, and could not be found; that it had been left with *S. Cushman*, former State's Attorney—that he had repeatedly enquired for it, but could not obtain it—that he moved a further continuance, which the Court refused, and ordered the trial to proceed, and, as he thought, *went to the jury*, and judgment was in favor of said town—That being required to proceed to trial in the other causes, he entered a *nolle prosequi* in the remainder of them, and, as he understood the Court to say, by their order—That at December term, 1824, he did present an account embracing the items for his fees for said term, but the Court refused to allow any thing more than a small part of it, and he withdrew it, and nothing was allowed—That he did commence the action at law as stated in the bill—that judgment was rendered on default, and

ORANGE,
February.
1829.

Essex .
vs.
Berry.

was made up on the items as stated—that he took out execution, and had it levied on the 15th June, as alleged—that *G. G. Cushman* did, after the rendition of the judgment, and after praying out execution, and after it was sent to an officer, inform him that he had been written to by some person requesting him to appear in, and defend, said cause, and that the letter did not reach him until it was too late.

*The answer denied* that any rule of Court or agreement was made at June term, 1824, that he was to tax no costs, &c. or any agreement which would deprive him of the right to charge, and claim his fees, &c.

*Mr. Marsh, for the orators.*—The points relied upon by the plaintiffs are, 1. That defendant agreed that in case the Court would continue the informations at June term, 1824, he would charge the county no cost or fees for that term. This is denied by the answer, but proved by the deposition of *Timothy Fairchild,* who was then Clerk of the Court, and who testifies to the declarations of defendant, " that no one was to have any fees in those cases that term :" by an account presented by defendant for fees the preceeding term, with one item, the Clerk's fees, for the June term, 1824, in which no claim is made for fees at that term : by the testimony of *Wm. Gates,* that he has always since the pendency of those suits been either a Judge or Clerk of that Court ; and, to his belief, no claim has ever been set up for fees for that term in those suits ; and by the testimony of *John Dewey,* that in 1826 and 1827, witness was a Judge of said Court, and that during that period, defendant presented his account several times to the Court for allowance, and in such account made no claim for fees in those suits for June term, 1824, and that he has often conversed with defendant, and he never pretended to have any claim for fees in those suits at that term.

2. The fees for December term, 1824, ought not to be allowed, because he neglected to make necessary preparation for the trial.

3. Plaintiffs are entitled to relief on the ground that they lost their opportunity to make defence by inevitable accident—the letter not reaching its destination till too late. Plaintiffs have done all they could to have a day in court by immediately applying to defendant, and to the Justice, to have the default taken off and to be allowed a trial.

*Smith and Berry for defendant.*—1. The defendant contends that the complainants are not entitled to any relief from this court,

ORANGE,
February,
1829.

Essex
vs.
Berry.

because they have had an opportunity to make their defence at law, and have lost it by their own negligence. The judgment rendered by *Justice Hale,* in favor of the defendant, against the complainants, was conclusive upon the parties, and will remain so until reversed by some proper tribunal. The defendants in that suit are not at liberty at this time to set up any complaint against the judgment which would have been a good defence to the original action ; for it is a rule in equity as well as in law, that matter which might have been pleaded in defence upon a former trial cannot afterwards be set up as a cause of complaint against the judgment ; and the rule is the same whether the defence would apply to the whole action, or to the amount of damages only. *Le Guen* vs. *Gouveneur et al.* 1 *Johns. Cas.* 492.—*Mariot* vs. *Hampton,* 7 *T. R.* 269.—*Thatcher* vs. *Gammon,* 12 *Mass.* 268. —*Prac. in Chan.* 221.—2 *Cas. in Ch.* 95.—1 *Vern.* 176.— *Thompson* vs. *Hart,* 1 *Johns. Ch. Rep.* 91.—*Lansing* vs. *Eddy, id.* 49.—*Lee* vs. *Bates,* 2 *Ch. Cas.* 95.—*Williams* vs. *Lee,* 3 *Atk.* 223.—*Smith et al.* vs. * * * * *, 1 *Johns. Ch. Rep.* 320. 2 *Sw. Dig.* 69.—*Curtis* vs. *Smallridge,* 1 *Ch. Cas.* 43.—*Barker* vs. *Elkins et al.* 1 *Johns. Ch. Rep.* 465.—4 *id.* 89.—1 *Sch. & Lef.* 204.

2. Equity will not relieve where the party has a prompt and adequate remedy at law. 1 *Johns. Ch. Rep.* 49.—*id.* 463.

3. No mistake or accident has happened in this case which will authorise the interference of this Court.

4. The facts in the case show that the orators are not entitled to any relief, either in this Court, or at law.

The opinion of the Court was delivered by

PADDOCK, C. This bill in Chancery is brought by the inhabitants of the county of *Essex* against *Joseph Berry,* praying for an injunction and stay of proceedings upon a judgment and execution which *Berry* obtained against them in a suit before *Justice Hale,* of *Newbury,* on the 2d. day of June 1827, for $82 97 damages ; alleging, that at the June term of the County Court in *Essex* county, 1823, seven informations were filed in said Court by the then State's Attorney against sundry towns in the county, which were continued to December term, 1823. Previous to the sitting of which, *Berry* was appointed to the office of States Attorney for the county of *Essex,* and caused the informations to be continued to the June term, 1824, and again to December term following, when he entered a *nolle prosequi* in all of them ; that his fees in those prosecutions, together with a charge for other services to the amount of $2 75, (acknowledged to be due) and $10 70 interest

ORANGE,
*February,*
1829.

Essex
*vs.*
Berry.

on the whole, was the claim for which the judgment was rendered. It is further stated in the bill, that at the June term of the Court, 1824, *Berry* intimated to the Court, that as the towns had not been cited to appear, he should not charge fees for that term, but did put into his judgment $14, therefor. Also, that the orators intended to have litigated the claim before the Justice, and to that end, wrote to an attorney in *Newbury,* giving him such instructions; but the letter was not received by him in season, and the orators were defaulted. It is further stated, that the orators have tendered to *Berry* $20, as a reasonable compensation for his services, and requested a discharge of the judgment, which was refused.

The answer of the respondent does not materially vary the case other than the costs of June term, 1824, and the discontinuances of the prosecutions. To the former he says, there were proposals made by some of the towns for settling the suits, and he remarked to the Court that if the defendants settled during the term, he should not tax them the fees of it; but, they neither settled nor entered an appearance of record; so that the prosecutions were again continued to cite in defendants. And as to the latter, he says, the discontinuances were entered by order of Court.

It is very evident that the Court cannot grant any relief in this case, for several reasons; and first, we are not convinced but that substantial justice has been done the orators, in the judgment rendered by *Justice Hale.* When *Berry* entered upon the duties of his office, which was December term, 1823, he found seven actions on the docket, commenced by his predecessor against towns of his county, and the towns had not been cited in to answer to them, and the actions were continued. At the June term, 1824, it was found that the Clerk (whose duty it was) had not issued his citations to the several towns, and although there were agents from several of them present, yet the State's Attorney could not proceed, unless such agents were willing to enter an appearance and take a trial. It does not appear from the bill or answer that citations had issued previous to December term, 1824; but it is to be inferred that they had, as one of the actions was called for trial, and *Berry* was not prepared, as he stated, owing to the death of a material witness and the absence of an important paper in the case, which that witness had in his possession when living, and since his death it could not be found. The Court, unwilling to continue them again, directed him to proceed in the trial, or dispose of the action some other way, and ordered a *nolle prosequi,* which he entered, not only in that, but in the others, the same evi-

ORANGE,
*February,*
1829.

Essex
*vs.*
Berry.

dence being necessary in each. These being the facts, were they made to appear in a Court of law, it is very doubtful whether a jury would find that negligence on the part of *Berry*, which ought to defeat any portion of his fees.

The fact of the late arrival of the letter sent by the orators to their attorney in *Newbury*, directing him to defend against *Berry's* suit, by means of which they were defaulted, affords them no grounds for relief here. *Barker* vs. *Elkins*, 1 *Johns. Ch. Rep.* 466. It was an accident, no doubt, that it did not arrive sooner, and just such an accident as common prudence would have guarded against, by sending an agent. It can claim but little kindred to those *accidents* against the evils of which equity will relieve; and the Court may well adopt in this instance, the language of *Grose, J.* in *Marriot* vs. *Hampton*, 7 *D. and E.* 269. " It would tend to encourage the greatest negligence, if we were to open the door to parties to try their causes again, because they were not properly prepared the first time." In *Bateman* vs. *Willoe*, 1 *Sch.* and *Lef.* Lord *Redesdale* said "a bill for a new trial was watched by equity with extreme jealousy ; and it must see that injustice has been done, *not merely through the inattention* of *parties.*"

Another objection to retaining the bill is, that the relief prayed for only goes to a reduction of the damages recovered ; for, by the tender, the orators admit $20 due to *Berry*, and the cases of relief in equity against judgments at law, founded in fraud, are where the fraud goes to the whole judgment, and not merely to the excess, in a case properly sounding in damages, and where the fraud could not have been met and defeated at the trial. *Smith* vs. *Lowry*, 1 *Johns. C. R.* 323.

A further objection is, the sum in controversy, which, upon the orators' own shewing, certainly cannot exceed twenty dollars, less than the costs necessarily incurred by either party, and of which a Court of Chancery cannot take cognizance. *Cooper's Equity,* 165.—*Mitford's Pleadings*, 88, *n. m.* For these reasons the bill must be dismissed ; but, as the respondent did not make his motion to that effect ; but put in his answer, and a hearing has been had, he must take no costs.

Bill dismissed.

*Ch. Marsh*, for orators.
*Smith* and *Berry*, for respondent.