EDWIN F. BABCOCK

*v.*

JAMES McCAMANT *et al.*

1. INJUNCTION—*judgment improperly changed.* Where a judgment was obtained and execution issued, and was levied on property sufficient to satisfy the debt, but was returned by order of the plaintiff, and subsequently

the record was fraudulently changed and the amount of the judgment increased, without consent of the judgment debtor, and a second execution issued thereon: *Held*, a court of equity had jurisdiction to interpose by injunction, to prevent its collection, and relieve against the fraud.

2. But had the only relief sought been to quash the execution and set aside the levy, the remedy would have been by motion, when an order could have been obtained by applying to the judge at chambers, staying the proceedings until the hearing of the motion. But the relief sought, going to the judgment itself, and to relieve against a fraud, the remedy could be pursued in chancery.

3. JURISDICTION IN CHANCERY—*remedy at law, by statute.* Even though a court of law may have the power, under the statute, to correct a judgment which has been fraudulently changed by increasing the amount for which it was rendered, it not being clear, however, that such power exists, still that would not oust a court of equity of its jurisdiction. Fraud is a matter of chancery jurisdiction, and that court would not lose it merely by the statute conferring a similar jurisdiction upon courts of law.

4. EXECUTION—*prior levy pending.* A levy upon property is only *prima facie* evidence of a satisfaction of the judgment, yet, while a prior levy remains undisposed of, it is irregular to issue an ordinary *fi. fa.* The process should be a *venditioni exponas*, with a *fi. fa.* clause if desired.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion states the case.

Messrs. SNYDER & DILL, and Mr. JOHN HINCHCLIFFE, for the appellant.

Messrs. KASE & WILDERMAN, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in equity, filed by appellant, in the St. Clair circuit court, against appellees. It alleges that on the twenty-ninth day of October, 1868, James McCamant obtained a judgment in the circuit court of St. Clair county, against appellant, for the sum of $179.54 and costs of suit; that execution

was issued thereon, and levied upon about 85,000 growing fruit trees, worth $8000; that Stookey, as sheriff of the county, advertised the same for sale; that on the fourteenth day of April, 1869, and after the day of sale, the execution was returned by order of McCamant, and so endorsed; that since the fourteenth day of April, 1869, the amount of the judgment was changed and raised on the records of the court to the sum of $271.84, all of which was done without any notice to appellant, or to any person on his behalf, and without leave of the court, and after the case was disposed of and had passed from the docket, and the case was not re-docketed at the March term, 1869, and the change was made without the consent of appellant.

That afterward, an execution was issued on the judgment thus altered, for $271.84, and $91.35 costs, and that $75 of the cost bill was charged by the sheriff for watching the growing fruit trees, levied upon under the former execution; that on the fourteenth day of June, 1869, the last execution was levied upon about 10,000 growing fruit trees, worth $2000, which were advertised for sale by Stookey, on the thirtieth of June, 1869; that appellant owns the nursery of which the trees levied on form a part. The bill prays that on a final hearing, the said judgment, execution, levy and sale be perpetually stayed, and McCamant be enjoined from enforcing them.

To this bill appellees filed a demurrer, which was sustained by the court, and the bill was dismissed, and from that decree complainant appealed and brings the record to this court, and assigns for error the sustaining of the demurrer, and the dismissal of the bill.

The dismissal of this bill must have been because the court below doubted the jurisdiction of a court of equity to afford relief. · The demurrer admits that the alteration of the judgment was made without the consent of appellant, to the extent of $92.30. If this was done in vacation, without authority or consent, it amounted to a forgery, and even if done with the

consent of appellant, in vacation, it would be void, and an unauthorized tampering with the records of the court. It is only in term time, and under order of the judge, that such changes can be lawfully made. The rights of all persons may greatly depend upon the inviolable security of the public records against such forgeries. The clerk has no more right to alter the record of a judgment in vacation, or in term time, without the direction of the court, than any other person; and if he should do so, he would be as criminal as if another person had committed the forgery.

Has equity jurisdiction to grant the relief sought by this bill? Fraud is one of the heads of original and undoubted equity jurisdiction; and to alter and change the record of a judgment, by increasing the sum for which it was rendered, without authority or consent, is a gross and palpable fraud, although it may also be a crime. In the case of *McJilton* v. *Love*, 13 Ill. 486, it was held, that where a judgment had been recovered in one of the courts of this State, on the transcript of the record of a judgment in another State, and the latter named judgment was subsequently reversed, equity would interpose to enjoin the collection of the judgment in this State. It has long been the practice, in equity, to enjoin the collection of a judgment that has been paid, satisfied, or it has otherwise become inequitable to enforce; and our statute has recognized the right to enjoin judgments. But it is urged that the remedy was complete under the statute, by applying to the circuit judge at chambers, to order a stay of proceedings under the execution, until a motion to quash the execution and levy could be heard at the next term. This may be true of the execution and the levy, but it is not clear that the circuit court could correct the judgment on a motion. But even if it could, it is more satisfactory and complete to grant the relief in equity. The facts alleged and admitted by the demurrer, show gross fraud, and fraud is a matter of equity jurisdiction, and that court did not lose it by the statute conferring similar

jurisdiction upon the courts of law. If, then, under the statute, or the inherent power of a court of law to control its process and records, that court could correct the judgment, still it would not deprive equity of jurisdiction. Had the only relief sought been to quash the execution and set aside the levy, the proper course would have been to apply to the judge at chambers and obtained an order staying further proceedings until the hearing of the motion; but the relief sought goes to the judgment itself, and to relieve against a fraud.

The levy upon property is only *prima facie* evidence of a satisfaction; and while the prior levy remained undisposed of it was irregular to issue an ordinary *fi. fa.* The process should have been a *venditioni exponas*, with a *fi. fa.* clause if desired. The officer, then, would, in obedience to the writ, have sold the property levied on under the first execution, and if it proved insufficient, then he would, as required by the writ, have seized and sold other property sufficient to satisfy the judgment.

The charge of seventy-five dollars by the sheriff for guarding trees standing and growing in a nursery, seems, unexplained, to be exorbitant and highly oppressive, but that will be determined by the evidence on the hearing. A majority of the court hold, that chancery had jurisdiction to hear the case, and that the court below erred in sustaining the demurrer and dismissing the bill, and the decree of the court below is reversed and the cause remanded.

*Decree reversed.*