# HIRAM B. BURRITT

## v.

## WILLIAM TIDMARSH ET AL.

1. PAYMENT OF JUDGMENT — NOTICE OF ASSIGNMENT — BURDEN OF PROOF.—Plaintiff in error settled and paid a judgment recovered against him by one of the defendants in error. Defendant in error Searls claimed that the judgment in question had been assigned to him previous to such payment, and that plaintiff in error had notice of such assignment before making payment. *Held*, that the burden of proof was upon defendant in error to show such notice.

2. CONSIDERATION RECEIVED MUST BE RETURNED.—It seems that defendant in error Tidmarsh had received from plaintiff in error full payment of the judgment in question, and before he or his pretended assignee Searls can repudiate such settlement there must be a return, or offer to return, of the consideration paid.

3. NEGOTIATION FOR FUTURE ASSIGNMENT.—From the evidence it is clear that if there was any talk between defendants in error in relation to the judgment, it was to the making thereafter an assignment, rather than an actual parol transfer or pledge of the judgment.

ERROR to the Circuit Court of Lake county; the Hon. T. D. MURPHY, Judge, presiding.

Mr. E. M. HAINES and Mr. H. C. IRISH, for plaintiff in error; that intoxication is no ground for setting aside a transaction unless it be shown that such intoxication was procured or induced by the party seeking a benefit; and upon the degree of intoxication that will avoid a transaction, cited Bates v. Ball et al. 72 Ill. 108; Van Horn v. Keenan et al. 28 Ill. 445.

That an assignee of a non-negotiable chose in action must notify the debtor of such assignment if he would protect himself from payment to the original creditor, and the burden of proof is on the assignee to show such notice: Hermans v. Ellsworth, 64 N. Y. 159.

An assignment of so much of the judgment as would pay the fees of defendant in error, would not effect the payment of the judgment to the original creditor. Judgments cannot be assigned in part without the assent of the judgment debtor: Freeman on Judgments, 356.

Upon the effect of an assignment of a judgment as to the rights of the parties to the record: Hossack v. Underwood, 55 Ill. 123; Hughes v. Trahern, 64 Ill. 48; McJilton v. Love, 13 Ill. 486; Allen v. Watt, 78 Ill. 284.

That injunction is the proper remedy in this case: Scott v. Shreve, 12 Wheat. 605; High on Injunctions, 68.

Mr. W. S. SEARLS, for defendants in error; that it is too late in this court to make objection to depositions read on the hearing without objection, cited Webb et al. v. Alton, M. & F. Ins. Co. 5 Gilm. 223; Vasey v. Board of Trustees, etc. 59 Ill. 188; Sawyer v. City of Alton, 3 Scam. 127; 1 Greenl'f's Ev. § 421.

That a wife can be a witness in all cases in which her husband could be a witness: Freeman et al. v. Freeman, 62 Ill. 199; Ill. Cent. R. R. Co. v. Taylor, 24 Ill. 323; 1 Greenl'f Ev. § 342.

That payment of the judgment could not defeat the rights of the assignee: Hansen et al. v. McConnell, 12 Ill. 170; Dixon v. Buell, adm'r 21 Ill. 203; Hitt v. Ormsbee et al. 12 Ill. 166; Carr v. Waugh, 28 Ill. 418; Wheeler v. McCorriston, 24 Ill. 40; Hughes v. Trahern, 64 Ill. 48.

Upon the question of intoxication as affecting payment of the judgment: Murray v. Carlin, 67 Ill. 286; Van Horn v. Keenan et al. 28 Ill. 445; 2 White. & Tudor's L. Cas. 1036; 1 Story's Eq. Jur. 228.

LELAND, J. This was a bill in equity, in which the complainant, H. B. Burritt, stated that a judgment was recovered by Tidmarsh against Burritt, impleaded with John R. Wells and Reuben C. Hill, for $500 damages, and costs of suit, February 17, 1872.

That on August 24, 1872, Burritt and Tidmarsh, with intent to avoid a pending appeal from said judgment in said suit and further litigation and expense therein, settled said judgment and costs, whereby Burritt paid the same; and thereupon said Tidmarsh gave to Burritt a full release, discharge and satisfaction of said judgment and costs, bearing date on said day.

That Tidmarsh, in consideration of such settlement, then agreed with Burritt to discharge and release said judgment upon the records of said court at once, which he failed to do.

That Burritt caused the release executed by Tidmarsh to be filed in the office of the clerk of the court where such judgment was rendered, on the 26th of August, 1872.

That Burritt considered the judgment settled and satisfied, and hence did not prosecute his said appeal.

That after Tidmarsh had settled said judgment with Burritt, and received the consideration therefor, he pretended to assign the same to W. S. Searls, his attorney, with intent to defraud complainant. That at the time of said assignment, Searls knew the judgment had been fully settled and satisfied; and that Tidmarsh had executed the release to Burritt above mentioned; and that after the assignment of the judgment to Searls, the said Searls and Tidmarsh, without complainant's knowledge, procured the dismissal of said appeal in Supreme Court, with five per cent. damages.

That after dismissal of the appeal, Searls and Tidmarsh caused execution to be issued on said judgment, and that the same is now about to be levied. The bill prayed for an injunction restraining levy of execution and for general relief, and there was an order for an injunction.

The answer of Tidmarsh admits the recovery of the judgment against Burritt, and the appeal by Burritt.

Denies the settlement of the judgment with Burritt, and charges that before said 24th day of August, 1872, he had repeatedly told Burritt that he, Tidmarsh, had let his attorney, Searls, have the judgment.

That some negotiations were talked of, to settle said judgment, but defendant never signed the release mentioned in said bill of complaint, and finally broke off such negotiations, and soon after made a written assignment of said judgment to Searls.

That he did not know the contents of the paper signed by him, and that if such paper was the release aforesaid, that the same was fraudulently obtained from him, and that the same was delivered to Burritt to be presented to Searls for his sanc-

tion. Denies that Searls had knowledge of settlement of judgment. Denies that judgment was assigned to Searls to defraud complainant.

The answer of Searls admits obtaining the judgment against Burritt and the appeal, charges that appeal was taken for delay. Denies that complainant paid to Tidmarsh any consideration upon settlement of such judgment; denies that any settlement was made; denies that Tidmarsh executed the release mentioned for the purpose of settlement of said judgment; charges that complainant, while Tidmarsh was intoxicated, persuaded him to sign such release. That Tidmarsh finally broke off negotations for settlement.

Charges that at the time the release was filed in court, complainant Burritt knew the judgment had been assigned to Searls. Denies that the assignment of judgment to him was after the settlement with Burritt.

Charges that Tidmarsh had no right to settle said judgment without consent of Searls, which Burritt well knew.

Denies that the assignment of judgment to him was without consideration, and alleges that Tidmarsh was indebted to him, for which he assigned the judgment and in payment of his fees.

Denies that he knew of the settlement of the said judgment at time he took such assignment.

Admits that he procured dismissal of appeal in Supreme Court.

Admits the issuing of executions.

Denies generally the allegations of fraud in said bill.

Exhibit " A " being assignment of judgment, Tidmarsh to Searls, is referred to in answer.

The answer of Geo. H. Bartlett, the officer, admits the recovery of the judgment against Burritt.

Admits receiving executions on said judgment, and on judgment in Supreme Court, and that same are still in his hands unpaid and unsatisfied.

The evidence shows without conflict that on the 25th of August, 1872, the defendant, Tidmarsh, and the complainant, Burritt, met at the office of John R. Wells, and agreed upon the terms upon which the $500.00 judgment was to

be released and discharged by Tidmarsh. Burritt was to pay him $300 in money and draft, release a judgment of about $100 which Burritt had against Tidmarsh. A $100 note which Wells held against Tidmarsh was to be given up, and a $25 church subscription made by Tidmarsh was to be paid for him and given up. The 25th being Sunday, and the question of the legality or propriety of a business transaction on that day being raised, the papers were executed as bearing date on the 24th, and on Monday morning, the 26th, Wells paid Tidmarsh $10 in money, gave him a draft for $290, the release in writing of the judgment against Tidmarsh; and the payment of the church subscription was arranged. The $100 note could not be found by Wells, but he was to give it up when found, which Wells says was satisfactory to Tidmarsh, and the judgment releases were delivered and the transaction completed. On the 26th Burritt filed the release of the $500 judgment in the clerk's office at Waukegan.

There is no allegation in the answer of Tidmarsh or Searls of a return of the money and papers received, or of an offer to do so. The wife of Tidmarsh, however, went to the table where Burritt was at dinner at the hotel, and left some papers by his plate, and said "here are your papers." Burritt did not take them. Mrs. Tidmarsh says she delivered them at the request of her husband. Burritt never took the money or papers back, and it is apparent that Tidmarsh has kept the consideration paid him by Burritt and Wells for the release of the $500 judgment.

The only defenses to the bill of the complainant are:

1st. Tidmarsh was not sober enough to transact the business and release the judgment; and 2d, that Burritt knew when he paid and satisfied the judgment and took the release, that Searls owned it or had some interest in it.

As to the first, we only deem it necessary to say that the evidence preponderates greatly in favor of the complainant; that the defendant Tidmarsh, though a man who used intoxicating drink too freely at times, was sober enough on Sunday at the time the negotiation was concluded, and on Monday when he

received the consideration, for the transaction of all the business understandingly.

As to the second, all that is necessary to be said is that the assignment of the judgment was after it was satisfied and released; that the answer of Searls does not distinctly set up any claim to it by a parol arrangement between him and Tidmarsh, but claims that his written assignment was prior to the satisfaction of the judgment, and that Burritt had notice of the written assignment, not of the supposed oral one.

It seems clear that if there was any talk between Tidmarsh and Searls on the subject, it was in relation to the making thereafter an assignment to secure his fees as an attorney, rather than a parol pledge or transfer of any interest in the judgment; negotiation for a future assignment rather, than an actual parol transfer or pledge of the judgment.

If, however, there was anything which might be called a verbal transfer or pledge by Tidmarsh to Searls of the judgment as security for the fees of the latter, made before the assignment, the burden of proof was on the defendant Searls to show it.

After a careful consideration of the evidence of Burritt, Tidmarsh, Wells and Searls, which is all there is on this subject, we are unable to perceive that the positive and distinct statement of Burritt that he did not know that Searls had any interest in the judgment at the time he paid it and obtained the release of it, is disproved.

On the whole, we think that the evidence slightly preponderates in favor of the position that he paid the judgment in good faith, with no notice of any claim of Searls, and it seems to us that Searls, prior to the assignment to him, had no other interest in the judgment than that of an attorney of the plaintiff, who hopes and expects to collect it, and get his fees out of the sum collected.

If we should treat the evidence of Searls and Burritt as equally balanced, we do not think Tidmarsh has disturbed the equilibrium. Though he could not under all circumstances balance himself, he has certainly succeeded in doing so as a witness on the subject whether Burritt had notice of the supposed claim of Searls, by stating it both ways.

The decree is reversed and the cause remanded, with instructions to the court below to decree a satisfaction of the $500 judgment, and a perpetual injunction against its collection by execution or otherwise.

Reversed and remanded.*

---

*NOTE BY THE COURT. This Court having affirmed the decision of the court below overruling the motion made to recall the execution on the $500 judgment, and declare the judgment satisfied (in which case the facts and parties are the same as in this), we deem it proper to state that though the remedies by bill in equity and motion at law may be concurrent (Babcock v. McCamant et al. 53 Ill. 214), we do not deem it proper that they should be ontemporaneously or successively pursued.

Inasmuch, therefore, as the proceedings in the chancery case were set up as a reason why the motion at law was barred, and should not be entertained, and as the decree dismissing the bill was before the making the motion, and was really a bar, we sustain the decision below for that reason only, though we would otherwise have reversed it. There was no necessity for again vexing the defendants in the bill for the same cause.

The complainant Burritt should have sought his remedy under Sec. 21 of Chap. 69, Rev. Stat. 1874.