Palmer v. Emery.

---

## Sarah M. Palmer et al. v. Robert Emery, use, etc.

1. PLEADING—*In Debt in Actions on Replevin Bonds.*—Where the declaration in an action of debt upon a replevin bond alleges that the merits were fully determined and disposed of in the replevin suit, a plea which fails to traverse such allegation is bad.

2. JUDGMENTS—*Explanation of Interlineations and Additions—Evidence.*—Where a judgment with interlineations and additions appearing on its face is offered in evidence, it should not be admitted until such interlineations and additions are explained.

3. CLERKS OF COURTS OF RECORD—*Duty to Preserve Papers, etc.*—It is the duty of a clerk of a court of record to attend the sessions of his court; preserve all the files and papers thereof; make and preserve complete records of all its proceedings and determinations; and to enter of record all the judgments, decrees and orders of the court before its final adjournment for the term, or as soon thereafter as practicable; and it is also his duty upon discovering that he has not, in his first efforts to do so, entered up such a judgment as the court actually rendered, to correct the same before the next term of court by making the proper entry.

4. PRESUMPTIONS—*That Clerks of Courts do Their Duty.*—The court will presume that the clerk attends the terms of his court and knows what the court determines in the suits pending before it; and from that knowledge and the minutes made by the presiding judge upon his announcement of his decisions and judgments, properly enters up the judgments so rendered.

Debt, on a replevin bond. Appeal from the Circuit Court of De Witt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

WELTY & STERLING, attorneys for appellants.

MOORE, WARNER & LEMON, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of debt in the Circuit Court of De Witt County, by appellee against appellants, upon a replevin bond, where a trial by the court by consent of parties resulted in a finding and judgment against appellants for $2,400 debt and $542.93 damages, the debt to be satisfied upon payment of the damages and costs.

Appellants bring the case to this court by appeal and urge a reversal of the judgment on the grounds that the court improperly sustained a demurrer to appellants' first, fourth, fifth and additional pleas; that the court admitted improper evidence against appellants; that the court improperly refused a proposition of law asked by appellants; and that the findings and judgment of the court are against the evidence.

The declaration was filed August 9, 1899; is in the usual form, and among other things, charges that appellant Sarah M. Palmer, on June 28, 1898, commenced a replevin suit in the Circuit Court of De Witt County, Illinois, against one Minor B. Neal, to recover certain pens of corn; and she, with appellant Frank M. Palmer, gave appellee, as coroner of said county, their replevin bond in the penal sum of $2,400, conditioned that she would prosecute her replevin suit with effect; would make return of the corn, if the court in that suit should so award, and would also keep appellee harmless in replevying the corn; and averred that thereafter appellee replevied the corn from Neal, under the replevin writ issued in that suit, and delivered same to Sarah M. Palmer; and afterward, at the March term, A. D. 1899, of said court, such proceedings were had in said suit that the court at that term herein considered and adjudged that Sarah M. Palmer should take nothing by her writ except two pens of said corn, and that said Minor B. Neal should have returned the remainder thereof, to wit, eleven rail pens of corn; but that she has failed and refused to return to Minor B. Neal that part of the corn awarded to him by the

court; wherefore appellee, for the use of Minor B. Neal and the Middle Division Elevator Company, demands the penalty of the bond and $2,400 damages.

Appellants pleaded in bar of the action, six pleas which are designated in this record as one, two, three, four, five and additional pleas.

The first plea alleges, in effect, that after the writ of replevin was issued in said suit, Sarah M. Palmer sold the corn in question to the Middle Division Elevator Company, and it paid her for and shipped it away so she could not return it.

The second plea alleges that it was not considered and adjudged by the court that Sarah M. Palmer should take nothing by her writ except two pens of corn, and that Minor B. Neal should have return of the remainder, as alleged in the declaration.

The third plea, as amended, alleges that it was not considered and adjudged by the court, at its March term, A. D. 1899, that Sarah M. Palmer should return to Minor B. Neal eleven rail pens of corn, as alleged in the declaration.

The fourth and fifth pleas are substantially the same, and allege that appellee is estopped to say that Sarah M. Palmer did not return the corn in question, because after the writ of replevin was issued in said suit, the Middle Division Elevator Company purchased said corn, paid her for it and shipped it away.

And the additional plea alleges that Sarah M. Palmer on July 1, 1898, had a landlord's lien upon the corn in question, for rent due and unpaid to her from one George Gambrel, and on that day was about to sell the same under a chattel mortgage to pay said rent, when one H. H. Newell, who was then and there the agent of, and acting for the Middle Division Elevator Company, said to her that he knew she had a landlord's lien upon said corn; that she was entitled to have her rent out of it, and he wanted her to have it; and that the Middle Division Elevator Company then and there purchased said corn from Sarah M. Palmer, at the sale thereof under the chattel mortgage, and paid her for it, and then said company sold and shipped it, by

reason of which premises, appellee is estopped from assert-
ing a claim to have said corn returned.

The court sustained a demurrer to the first, fourth, fifth
and additional pleas, and overruled it as to the second and
third; and appellants' printed abstract of the record, at
page six, shows that appellants "abide by the pleas to
which the demurrer was sustained," but it fails to show that
they excepted to the action of the court in sustaining the
demurrer.

And the case was tried upon the single issue of whether
the court, in the replevin suit, had, at its March term, A.
D. 1899, considered and adjudged that Sarah M. Palmer
take nothing by her writ (except two of the pens of corn
replevied) and that Minor B. Neal should have returned to
him the remainder of the corn, to wit, eleven rail pens of
corn.

The bill of exceptions in the record shows that at the
trial, appellee offered in evidence judgment record book
number 10, which contains the entries of the judgments of
the Circuit Court of De Witt County, Illinois, and on page
453 appears the following :

"Circuit Court record, 8th day, March term, 1899, April
4, 1899, Tuesday.

"SARAH M. PALMER )
203      vs.            } Replevin.
    M. B. NEAL.       )

And now on this day comes the parties, and this cause
having been heard by the court at the December term last,
and the court finds the issues for the plaintiff for two pens
of corn raised on forty acres rented for grain rent, and finds
the issues for the defendant for the remainder of the corn
replevied; wherefore it is considered by the court that the
plaintiff have and recover the corn first aforesaid, and the
defendant have and recover of the plaintiff the corn last
aforesaid. Ordered further that defendant recover his costs,
and that execution issue therefor, and writ of retorno for
corn found to belong to defendant. And now comes the
plaintiff by his attorney, prays an appeal and allowed;
bond in $500 in sixty (60) days, to be approved by the clerk,
by agreement, and bill of exceptions to be filed in sixty
days."

To which appellants made the objection that it is not a judgment of the court, and shows upon its face changes by interlineations and additions made after it was first written up, and which changes were made without any order of the court, and without any notice to the defendant and the plaintiff in the case in which it purports to be a judgment.

But the court admitted the record, subject to the objection, to which ruling appellants preserved an exception.

And the bill of exception further shows, at page 41 of the record, that appellants afterward offered in evidence page 7 of the judge's docket of the Circuit Court of De-Witt County, Illinois, for the March term, A. D. 1899, which shows the following :

"SARAH M. PALMER 203 vs. M. B. NEAL, Sheriff. } Replevin.

1. Trial last term by court by agreement.

7. Finding for plff. for 2 pens of corn raised on 40 rented for grain and that deft. have remainder of corn replevied and writ of retorno for corn found to belong to deft. and appeal-prayed and allowed. Bond in $500, in 60 days and to be approved by clerk by agreement and bill of exceptions in 60 days."

And that appellants proved by the testimony of the clerk of said court that those minutes were written on that page by the judge who presided at the March term, 1899, of the court, when he announced his decision in the replevin case in question, during that term. That said court adjourned for its March term, on May 2, 1899, and on the next day the clerk began writing up orders, judgments and decrees which that court had rendered during that term, he not being able to write them up during the term on account of having to perform numerous other duties while the court was in session. That the clerk, before May 15, 1899, reached the replevin case in question and then wrote on page 453 of judgment record book number 10, all that is there (except the words shown in italics in the following) :

" And now on this day comes the parties and this cause having been heard by the court at the December term last,

and the court finds *the issues* for the plaintiff for two pens of corn raised on forty acres rented for grain rent and *finds the issues* for defendant for the remainder of the corn replevied, *wherefore it is considered by the court that plaintiff have and recover the corn first aforesaid, and that the defendant have and recover of the plaintiff the corn last aforesaid.* Ordered further that defendant recover his costs and that execution issue therefor, and writ of retorno for corn found to belong to defendant.

And now comes the plaintiff by his attorney, prays an appeal, and allowed, bond in $500 in sixty (60) days, to be approved by the clerk by agreement and bill of exceptions to be filed in sixty days."

Which words in italics were added by his deputy (under his express directions) after May 15, 1899 (the exact date he did not remember), and before the beginning of the next term of court; and that the reason for adding those words were, the clerk discovered that what had been first written was not the entry of a formal judgment, and he, knowing the court had rendered a formal judgment in the case, and believing that he had the right to make the record show such, caused his deputy to add those words for that purpose.

The bill of exceptions also contains other testimony, as to the value of the corn not returned, etc., to warrant the finding of the amount of damages which the court assessed in this case, but we will not otherwise refer to it because counsel for appellants have not urged that any errors were committed by the court in that regard.

Counsel for appellants contend that the trial court in this case improperly sustained the demurrer to the first, fourth fifth and additional pleas.

We are of opinion that those pleas do not present such facts as will bar this action, and the court properly sustained the demurrer thereto; for had appellant Sarah M. Palmer desired to have the facts stated in those pleas properly considered in her behalf, the time for her to have presented them was in the replevin suit and not when she was sued upon the replevin bond, the adjudication in that suit having settled all questions between her and Minor B. Neal as to her or his right to the possession of the corn then in

question; and when the court in that suit adjudged that she should return so much of that corn as is involved in this case, she was bound to do so under the express provision of the bond sued upon; and she and her surety could not excuse themselves from so doing when sued upon that bond, except that under the provisions of section 26 of the replevin act, they might have pleaded that the replevin suit was not determined upon the merits, and that Sarah M. Palmer had such title to the corn in dispute, as ought to mitigate the amount of damages the obligee should recover upon the bond for her failure to return the corn according to the judgment of the court in the replevin suit. Stevison v. Earnest, 80 Ill. 513; Warner v. Mathews, 18 Ill. 83; and Schott v. Youree, 142 Ill. 233.

And none of those pleas even hint that the merits of the replevin suit were not determined; while the declaration, which they profess to completely answer, avers that it was determined in said suit that the corn in question in the suit at bar should be returned to the plaintiff in the replevin suit.

Counsel for appellants also contend that the court improperly admitted in evidence, the entry of the judgment in the replevin suit when it showed interlineations and additions which had been made without an order of court after such entry of judgment had once been written up by the clerk, and that such interlineations and additions were made there without any order of court, and without any notice to appellants.

It is true that the entry of the judgment in the replevin suit, showing as it did, interlineations and additions, when first offered in evidence should not have been admitted until those interlineations and additions were explained, and the bill of exceptions shows that appellants themselves afterward proved by the clerk of the court that such interlineations and additions were made under circumstances which rendered the entry of the judgment (with the interlineations and additions) proper evidence to be admitted and considered upon the issue presented. And under the provisions of sections 13 and 14 of chapter 25 of Starr & Curtis' Illi-

nois statutes (1896), it was the duty of the clerk to attend the sessions of the court; preserve all the files and papers thereof; make, keep and preserve complete records of all the proceedings and determinations thereof; and to enter of record all the judgments, decrees and orders of the court, before the final adjournment of the respective terms thereof, or as soon thereafter as practicable; and by the provisions of section 15 of that chapter, the clerk is made liable to pay a fine if he fails to enter of record any order, judgment or decree of his court, when the same ought to have been done, or fails to enter of record all or any of such orders, judgments and decrees, by or before the next succeeding term of his court, after the same is made or rendered.

Therefore we will presume that the clerk attended at the March term, 1899, of the court, and knew what the court in the replevin suit determined; and from that knowledge, and the minutes made by the presiding judge when he announced his decision and judgment in that suit at that time, the clerk properly entered up the judgment so rendered.

The mere fact that such entry was made partly on one day and partly on another, makes no difference so far as the validity of the entry as evidence of the judgment is concerned. And so far as appellant Sarah M. Palmer's right to have notice, or for the clerk to have an order of court before he could complete the entry after he had partly made it, is concerned, she had no such right, nor was an order of court required for that purpose under the circumstances, for it is only when the clerk has entered of record a different judgment than the one in fact rendered by the court, and a party therein desires to compel him to correct such entry in accordance with the judgment actually rendered, and there is some proper evidence in writing to amend by, that such an application to the court and notice to the parties is required, to warrant an order for the desired change.

But the case at bar presents no such question. Here the clerk, as was his duty, upon discovering that he had not, in his first effort to do so, entered up such formal judgment

in the case as the court had actually rendered, afterward and before the beginning of the next regular term of his court, added to his former entry, that which made it what it was not before—the formal judgment which had in fact been rendered and which he intended to enter in the first place but failed.

Counsel for appellants complain that their client, Sarah M. Palmer, was prejudiced in appealing the replevin suit by the additions made to the entry of the judgment by the clerk after he had led them to believe that what he had entered first was all the court had done in the matter. A complete answer to that complaint is that appellant Sarah M. Palmer knew that the court had in fact rendered, at its March term, A. D. 1899, a final and valid judgment against her in the replevin suit, because the record in this case shows that she brought that case to this court by appeal, before the entry of the judgment had been added to, but was unsuccessful for the reason that there had not been any formal judgment entered up by the clerk; and she ought not to complain that she had been prejudiced in her appeal in that case on account of the entry of the judgment therein, as first made, being afterward so changed by the clerk that what was before no evidence of a formal judgment against her, became evidence of such formal judgment, because all such prejudice results from her neglect in not detecting such informality in time to avoid such prejudice. Besides, if the clerk had thereby improperly caused her any injury by doing last what in duty to appellee and those he represents he ought to have done first, then her remedy therefor, if she has any, is against the clerk (Governor of Illinois v. Dodd, 81 Ill. 162), for such complaint can not properly be heard in this case.

The case of Babcock v. McCamant, 53 Ill. 214, cited and relied upon by counsel for appellants to sustain their position in the case at bar, is not in point; for that was a case in which James McCamant obtained a judgment in the Circuit Court of St. Clair County, on October 9, 1868, against Edwin F. Babcock, for $179.54, and some time later than

April 14, 1869, after the judgment had been properly entered upon the court records, after the case had been disposed of and had passed from the docket, and after the term at which judgment was rendered had adjourned and another term of the court had convened without redocketing the case for the succeeding term, and without any notice to Babcock, or any person. on his behalf, and consequently without his consent, and without leave of court, the amount of the judgment so rendered was changed and raised on the court records to $271.84. And Babcock filed in the Circuit Court of that county, a bill in equity against McCamant and the officers of the court, setting up those facts, and sought relief in that direct way, against an execution issued against him upon the judgment for the changed and increased amount; and the Supreme Court held that the Circuit Court erred in sustaining a demurrer to his bill for the reason that the demurrer admitted that the judgment was so changed without the consent of Babcock, and if that was done in vacation, without authority or consent, it was void, and amounted to a forgery, and in the opinion it is said, "it is only in term time, and under order of the judge, that such changes can be lawfully made."

But that was a holding in a direct proceeding, to avoid a change of a material part of the entry of a formal judgment made without the consent of the judgment debtor, after it had been formally and regularly entered upon the court records, the change causing it to show a judgment for a larger sum than the one rendered by the court; and, "it is only in term time and under order of the judge, that such changes can lawfully be made."

The case at bar is not a direct proceeding to avoid the effect of a change entry of the judgment in the replevin suit, nor are the interlineations and additions, which appear upon the face of the entry of that judgment, of a character which changed the entry of a judgment otherwise formal; but they merely made such entry evidence of a formal judgment actually rendered, when before, it was so informal and insufficient as not to be evidence of such judgment.

And we are of opinion, that after appellee had shown the entry of a formal judgment in the replevin suit, upon the regular records of the court for the March term, A. D. 1899, as made by the clerk of that court within the time allowed him to make the entry, then all other evidence concerning when or how it came to be so entered (beyond reasonable explanations concerning the interlineations and additions which appeared on the face thereof), in the absence of any claim or evidence of fraud on the part of the clerk, or any one else, concerning the making of it, was improper, and should not have been received by the court. But as all of that improper evidence was admitted at the instance of appellants they will not be permitted to obtain any advantage on that account, and the judgment in this case, which is otherwise proper, will not be reversed because of it.

The proposition of law which the court refused, and which appellants insist ought to have been held as the law applicable to the issue tried and evidence heard, is as follows:

"There is no final judgment in the suit of Sarah M. Palmer v. Minor B. Neal when this suit was commenced, and no breach of the bond sued on occurred before the commencement of the suit."

And we think the court very properly refused it, because the entry of the judgment as it appears on page 453 of record book number 10, when offered in evidence, and the interlineations and additions which appear on the face thereof, being properly explained and accounted for, as having been made by authority and direction of the clerk, within the time prescribed by our statute for his entering the same, showed there was a final judgment in that suit.

Nor did the trial court find against the evidence, but in full accordance therewith upon the issue actually tried, and its judgment will therefore be affirmed.