Spear, J.
The object of the. proceeding in this court is to obtain a reversal of the iudgment of the circuit court dismissing an appeal in the case of Henry C. Gease, guardian of the estate of John G. Brown, an infant, against Tohn R. Brown and the plaintiff in error, Albert L. Gantz.
*37 The appeal was from the judgment of the court of common pleas in' a case in which the guardian was plaintiff and John R. Brown and Gantz were defendants. In that case the plaintiff pleaded that he was the guardian of John G. Brown, an infant; that in the year 1894, the defendant John R. Brown was duly appointed and became qualified as guardian of the person and estate of said John G. Brown, then an infant; that he continued such guardian until June, 1904, when he resigned and thereupon filed his final account in the probate court showing a balance due the estate of $1,418.05. On July 11, 1904, the account was duly confirmed by the probate court and a judgment duly rendered by that court finding the amount to be correct and to be due the estate of said infant.
Further allegations in substance are, that on June 16, 1894, said John R. Brown as such guardian (and of one Howard Brown) duly executed his bond with said Gantz as surety in the sum of twenty-five hundred dollars, which bond^was duly approved by the probate court. Said bond was in the usual form given by guardians of infants, and was duly recorded in the proper record of the probate court. Said John R. Brown, has not faithfully discharged his duties as guardian and has failed in this, to-wit: To deliver over to plaintiff as guardian any portion of said sum, and has refused to so deliver although- demand has been made on him therefor. Demand has also been made on said Gantz for said sum, but he has refused to pay any portion thereof, and there is now due plaintiff said amount, with interest from July 11, 1904, for which judgment is prayed.
*38 By his answer Gantz specifically admitted all the averments of the petition saving and excepting that there i'S now due from defendant the sum of money claimed. As cross-petition he in substance averred that he was not a party to the proceedings in the probate court set out in the petition; that at the time John R. Brown, defendant, filed his final account, and at the time he filed his prior accounts, he was not indebted to said estate in a sum to exceed six hundred dollars; that at that time said Brown, having' his property which he owned at that time largely covered by mortgage, and believing by reason- thereof that the amount of his indebtedness as such guardian could not be collected of him, and believing that a much larger sum than his actual indebtedness to said infant, who was and is his son, could be collected of this defendant upon said bond, and with the purpose and intent of fraudulently benefiting his said son at the expense of defendant, he fraudulently included in his first account and in his final accounts a large sum of money in excess of the amount actually due to the extent of about seven hundred dollars, and fraudulently procured the confirmation and settlement o.f said accounts by not disclosing to the court a sum so excessively included therein, to the great damage of defendant, the said Brown being then and now insolvent. Defendant could not under the laws of Ohio file exceptions to said accounts in the probate court, and cannot now proceed by action of any character in said court, to cause the settlements therein to be opened up and corrected, and thus relieve himself under said bond. Defendant has no adequate remedy at law for *39 relief in the premises against the aforesaid fraudulent acts of said Brown, and no relief whatever except in a court of equity. An appropriate prayer for, relief followed.
It is to be noted as essential features of the case that the rendition of the judgment in form as stated is admitted, and that no objection is taken to the demand of the plaintiff, guardian, other than respecting the amount claimed to be in fact due, it being conceded that unless the claim of the defendant set up in his cross-petition is maintained, the claimed liability against him as surety on the bond follows, for although he was not in fact a party to the proceedings in the probate court, yet the judgment is conclusive against him as to amount as well as in other respects, while it remains in force. Braiden v. Mercer, 44 Ohio St., 339. And there being as yet no .judgment against Gantz to be set aside, his right of action does not depend upon the provisions of section 5354, Revised Statutes and following, which give the power to courts to set aside their own judgments and which direct the conduct of trials of that character.. Hence the decisions bearing upon that mode of obtaining relief of which the case of Watson v. Paine, 25 Ohio. St., 340, is a notable example, do not control the case at bar. But the plaintiff in error’s right to appeal to a court of chancery for relief rests upon general equitable principles. The rule is universal that fraud is one of the grounds upon which equity will grant relief, and injunction against the enforcement of a judgment which has been obtained by means of fraud is a familiar exercise of the powers of a court of *40 equity. A judgment which is against conscience, one by which fraud has been made to work injustice and wrong and where the injured party has had no opportunity of making defense, or could not make it because of some rule of strict law, and where adequate relief cannot be afforded by the court where such judgment was obtained, and where timely application is made to the equity court, will be enjoined and if necessary vacated. And one significant badge of fraud is the procuring of a judgment by artifice or concealment by the successful party, conduct which is charged in the case at bar.
The first question presented by the record is as to the character of the answer and cross-petition. Does it plead merely an equitable defense, or does it embody a pleading in equity calling for affirmative relief? We think it is clearly of the latter character. It pleads, so far as the pleading goes, an equitable cause ■ of action, and, if sustained would require at the hands of the court a setting aside of the judgment of the probate court so far as it affects Gantz on the ground of fraud, involving, it is true, an inquiry as to the actual amount due. In view of the fact that the surety is conclusively bound by the judgment while it remains unimpeached, his only remedy was in a court of equity and by a proceeding in equity, and this consideration would have justified an original action in equity to overcome the presumption of the judgment and procure its cancellation. This situation required a trial of the issue tendered by the cross-petition, for, unless that should be sustained, there was nothing in the way of a judgment *41 for plaintiff. Plaintiff’s petition, it is true, tendered, a jury issue, but, there being no defense other than the cross-petition, there was nothing at that stage of the case for a jury to try. The defendant, therefore, unless prevented by a consideration hereafter to be considered, was entitled to have his cause tried by the court as a proceeding in equity. The rule is well established in this state that although the plaintiff’s cause may be triable by a jury, yet where new matter set up in. the answer constitutes an equitable cause of action, which, if established, will extinguish or supersede the cause made in the petition, the issues taken on such new matter are triable by the court, and this is so whether issue is taken on the averments of the petition or not. Buckner v. Mear, 26 Ohio St., 514. Gill v. Pelkey, 54 Ohio St., 348, affords a familiar example. The suit was in ejectment and the answer alleged a mistake in a certain deed which was essential to the plaintiff’s title, and sought to have such deed corrected. In commenting upon the case Bradbury, J., in the opinion clearly states the rule thus: “True, the cause of action disclosed in the petition being simply for the recovery of specific real property and damages for its wrongful detention, was triable of right by a jury. The answer took issue on the averments of the petition, and to that extent was a defense only. In setting forth the circumstances of the mistakes of which it complained, and in praying their correction, however, the answer is a cross-petition which contained not a technical defense, but an independent equitable cause of action constituting a cross demand in favor of the defendants, the effect 'of *42 which, if established, would extinguish the plaintiffs’ cause of action by destroying their deed and annulling the proceedings of the probate court in as far as either affected the title to the parcel of land in controversy. If the defendants, instead of setting forth the facts respectihg these alleged mistakes in a cross-petition in an action at law, had made them the subject of an independent action for relief, the equitable character of the cause of action would be apparent to every mind at all familiar with the distinctions between legal and equitable rights or causes of action. Tn the nature of things, a cause of action, which, if set forth by the plaintiff in a petition, would be properly denominated equitable, would retain itp name and character, although set forth by a defendant in an answer as a cross demand. Tts character should depend upon the nature of the relief it establishes in favor of the party pleading it, and not upon the relation, as plaintiffs or defendants, which the parties bear to each other in the action. As the character, whether legal or equitable, of a cause of action does not depend upon the relation, as plaintiff or defendant, borne to the action by the party asserting it, so neither should the mode of trial depend upon such relation. Whatever mode of trial is appropriate to the nature of the demand should be awarded to the parties, irrespective of their relations as plaintiff or defendant. Therefore, the statutes upon the subject should be construed accordingly, if the language they use permits such construction.”
Here, as we have already found, the primary issue was that tendered by the cross-petition, for *43 while the defendant denied the amount due, nevertheless that denial was based wholly on the allegations as to fraud to support it, and if upon trial they should fail, the whole contention of defendant would be defeated.
The remaining question is: Does the fact that the cross-petition attacks only in part the amount due as shown by the judgment of the probate court take this case out of the general rule? The learned circuit court seems to have answered this question in the affirmative, for, in sustaining* the motion of the guardian to dismiss Gantz’s appeal, that court held that the matter set forth in the cross-petition constitutes an equitable defense to a part only of the amount claimed in the petition, thus admitting that the plaintiff is entitled to recover something, but not the full amount claimed. If the cause of action stated in the cross-petition would, if successful, extinguish that of the petition, and completely end the case, then upon the issue made by the cross-petition the cause would be appealable.
Counsel for defendant in error insists that the averments of the cross-petition are not sufficient in law to constitute an impeachment of the judgment, but the circuit court seems not to have doubted the sufficiency' of the pleading save only on the ground that it does not go to the entire amount appearing by the judgment to be due. We think the pleading is sufficient. But we cannot agree with the conclusion reached by that court. A party’s right to the interposition of a court of equity should depend upon the character of Iris claim, and cannot, we think, be madv. to depend *44 upon the size of it. Nor can we see that the application of the general rule would work any injustice or hardship to the other party in the case. The inquiry as to the amount actual^ due would be the same in kind as though it were directed to the entire amount, differing only in degree, and hence the guardian has every right preserved to him that he would have if the complaint had gone to the entire amount. Nor is our conclusion inconsistent with the decisions of our courts affecting the question. The rule cited to us by the learned counsel himself is that if the equitable cause pleaded will supersede the judgment attacked, then the matters so pleaded will be of right triable by the court. Let us take that test. On. proof of the alleged fraud in obtaining the judgment, the judgment ought to be and would be set aside so far as the same affects Gantz, that is superseded, and, whatever the guardian should recover would be by virtue of a new judgment; if on- the other hand the defendant should fail to make the requisite proof, his cross-petition will be dismissed and then would inevitably follow a judgment for the plaintiff on the pleadings.
Attention is called by counsel to Black on Judgments, section 368, where the author observes: “Thus equity will not relieve agairist a judgment alleged to have been obtained by fraud where the relief asked for is merely a reduction of the damages.” Two cases are cited by the author in support of the text. One is Essex County v. Berry, 2 Vt., 161. In this case judgment had been rendered by default and the only ground for setting aside the judgment which the court found in the- *45 plaintiff’s favor as a fact, was the failure of a letter written to an attorney to appear and defend to reach him in time. As to this the court remarks that the late arrival of the letter “affords no ground for relief here. It was an accident, no doubt, that it did not arrive sooner, and just such an accident as common prudence would have guarded against.” The court does, however, assign, as an additional reason for refusing relief, the rule as stated in the text. Murdock v. De Vries, 37 Cal., 527, cited by the author, we think entirely fails to support the text, and the Vermont case is the only holding we have found which does support it. To the contrary is Babcock v. McCamant, 53 Ill., 214. The first paragraph of the syllabus is: “Where a judgment was obtained and execution issued and was levied on property sufficient to satisfy the debt, but was returned by order of the plaintiff, and subsequently the record was fraudulently changed and the amount of the judgment increased without consent of the judgment debtor, and a second execution issued thereon: Held," a court of equity had jurisdiction to interpose by injunction to prevent the collection and relieve against the fraud.” No complaint seems to have been made of the original judgment.
Our conclusions are that the cross-petition .states a valid cause of action in equity, one which the party might have made the subject of an original petition in a cause instituted by him; that the issue thus tendered was an equitable issue triable of right to the court and not to a jury, and that upon such issue the right of apoeal existed. Hence the dismissal of the appeal of the circuit court was *46 error. That judgment will be reversed and the cause remanded with direction to overrule the motion to dismiss the appeal. The inquiry upon the cross-petition will involve the hearing of evidence respecting the actual amount due from the guardian to the estate of his ward, for that consideration is necessarily intermingled with the inquiry as to fraud. And, applying the long-established rule of equity that where a court of chancery has obtained jurisdiction of a cause for one purpose, it may retain it generally and proceed to final determination of all matters at issue (Oliver v. Pray, 4 Ohio, 195; Goddard v. Leech, Wright, 476; 1 Pomeroy’s Equity, sec. 181; 1 Beech Eq. Jur., sec. 21; P Story’s Eq. Jur., 70), the circuit court will hear and dispose of the entire case.

Reversed.

Summers, C. J., Crew, Davis, Shauck and Price, JJ., concur.